Vincent A. Lupiano, J.
Plaintiff, Brandon Films, Inc., moves for summary judgment and the defendant, Arjay Enterprises, Inc., cross-moves for summary judgment dismissing the complaint.
The action, essentially for infringement of alleged common-law copyright, is brought for an injunction restraining the exhibition of two certain motion pictures which were vested by the office of Alien Property Custodian under a vesting order dated May 4,1951 and licensed by the Attorney General of the United States to the moving plaintiff under a license dated March 18, 1957 for a period of five years. It is conceded that the submission raises only a question of law.
It is plaintiff’s contention that by virtue of the vesting by the office of Alien Property Custodian the films and all rights thereto became vested in the United States and remained there until directed by an order of the Federal court; therefore, said films, despite this fact that they have been distributed and exhibited both in this country and abroad without the appropriate copyright notice, are not in the public domain. Because of this, the Attorney General was entitled to license exclusively said films and did transfer valid common-law rights to the plaintiff.
*795 Defendant contends there have been numerous commercial exhibitions, here and abroad, of these films, for a period of over 30 years, with respect to which no statutory copyright exists. Therefore, plaintiff’s action can only be based on “ common law copyright ” or what is also known as “ the right of first publication ” and, pursuing the matter, defendant states the remaining issue to be “ whether the motion pictures, after more than 35 years of commercial public exhibition, can conceivably be deemed unpublished works ’ ’ and observes ‘ ‘ With respect to motion pictures, the problem is complicated by the fact that theatrical motion pictures are not usually sold or placed on sale, but are distributed on a contractual basis ’ ’. The only case discovered on the subject, as defendant asserts, is Blanc v. Lantz (83 U. S. P. Q. 137, 142 [Cal. Superior Ct., 1949]) where the court held; “ distribution and exhibition of these films in commercial theatres throughout the world in my opinion constitutes so general a publication * * * as to result in the loss of the common-law copyright. ’ ’ That case involved a California statute and of it the attorney rendering an opinion for the defendant herein, on which it relies, states: ‘‘ There appear to be no judicial decisions directly in point (other than Blanc v. Lants, Cal. Sup. Ct. 1949, 83 IT. S. P, Q. 137), which involved a peculiar California statute defining publication, which has since been repealed.”
Contrastingly, in the De Mille Co. v. Casey (121 Misc. 78, 87-88) the court stated: “ Performance of an ordinary play has never been held to be a publication. The mere performance of a photoplay can have no different result; nor can the leasing of the latter or the furnishing of the film constitute a dedication under the circumstances here shown.” The purpose of that action was stated in the following language (p. 79): “ In spite of such rescission the defendants continued to distribute and exhibit the plays, and this action was brought to rescind the license agreement to Casey and to enjoin the defendants from further exhibition or other exploitation of these plays and for an accounting for damages.” And the court concluded (p. 87): “ As a matter of fact, however, I do not see that there ever was a publication or dedication to the plaintiff where the public as a whole can claim a right to these plays. The plaintiff’s control over them, and the use which it authorized others to make of them, caused no cessation of its original rights. There was, in law, no circulation, exhibition, or distribution of the subject of copyright that, under the authorities, would constitute an abandonment.”
The same rationalization and conclusion are appropriate to the case at bar.
*796 Anyway, in addition, the correctness, of the determination of the Alien Property Custodian of enemy ownership under the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, § 5, subd. [b] ; § 7, subd. [c] and the validity of claims of any non-enemy against the vested property cannot be litigated and adjudicated here (Commercial Trust Co. v. Miller, 262 U. S. 51; Central Trust Co. v. Garvan, 254 U. S. 554, 568). Plaintiff’s motion is granted and defendant’s cross motion is denied.