**CLASSIC FILM MUSEUM, INC., Plaintiff,**

v.

**WARNER BROS., INC., Defendant.**

Civ. No. 75–5–ND.

United States District Court,
D. Maine, N. D.

July 17, 1978.

Stuart A. White, John E. Sedgwick, Portland, Maine, Robert N. Moore, Island Falls, Maine, Douglas M. Smith, Dover-Foxcroft, Maine, for plaintiff.

Howard H. Dana, Jr., and John W. Philbrick, Portland, Maine, Bernard R. Sorkin, Stanley Rothenberg, New York City, for defendant.

### OPINION AND ORDER

GIGNOUX, District Judge.

In this action plaintiff Classic Film Museum, Inc. seeks declaratory and injunctive relief, monetary damages, costs, and attorneys' fees against defendant Warner Bros., Inc. Classic contends that by wrongfully asserting common-law copyrights in the story, screenplay and musical score of the 1937 film "A Star is Born," Warner has engaged in unfair competition and is in violation of the copyright and antitrust laws of the United States. Warner has counterclaimed against Classic and alleges copyright infringement, conversion and unfair competition. Warner seeks declaratory and injunctive relief, monetary damages, costs, attorneys' fees, and return of positive prints of the film which Classic possesses. Jurisdiction of the complaint and the counterclaim is variously asserted under 28 U.S.C. §§ 1331, 1332, 1337 and 1338.

By agreement of the parties, the following legal issues have been submitted for determination by the Court on the basis of a stipulation of facts, written briefs and oral argument: the legal effect of the expiration of the statutory copyright in the motion picture film "A Star is Born" upon plaintiff's right to exhibit prints of that film; and the validity of defendant's claim to exclusivity on the basis of common-law copyrights in the dialogues, scripts and musical score of the film. The remaining issues raised by the complaint and counterclaim have been reserved for future consideration.

For the reasons to be stated, the Court holds that the expiration of defendant's statutory copyright in the 1937 version of the motion picture film "A Star is Born" dedicated the film in its entirety to the public use, and defendant's common-law copyrights in the dialogue, script and musical score of the film afford no basis for its claim to the exclusive right to exhibit, distribute or otherwise use the film.

### I.

The stipulated facts may be briefly summarized. Classic, a Maine corporation, is engaged in the business of licensing and renting prints of motion picture films for theatrical, nontheatrical and television exhibition. Warner, a Delaware corporation, is engaged in the business of producing motion picture films and, by itself and through subsidiaries, distributes films for theatrical, nontheatrical and television exhibition throughout the United States and elsewhere.

In 1937 Selznick International Pictures, Inc. produced and released for general distribution for commercial exhibition throughout the United States the film "A Star is Born," starring Janet Gaynor and Frederic March. On June 7, 1937, Selznick acquired a statutory copyright in the film, which was registered as Lp No. 7184. The copyright was not renewed and expired in 1965. Prior to the production of the film, Selznick had caused to be written by its employees for hire, including Dorothy Parker and William Wellman, a story, screenplay, and musical score from which the film was derived. Selznick acquired all rights in the story, screenplay and score, but did not obtain a statutory copyright in them. In 1953 Warner Bros. Pictures, Inc., an affiliate of Warner Bros., Inc., acquired from Selznick all rights in the film, the story, the screenplay and the score, and in 1967 Warner Bros., Inc. succeeded to such rights and has continued to hold all such rights since that time. In 1955 and again in 1976 Warner released and distributed for public exhibition "remakes" of the 1937 film, both of which were based on the story and screenplay written originally for the 1937 version and both of which also were entitled "A Star is Born." A statutory copyright was obtained in each remake. Otherwise than by the publicatory effect, if any, of the release and distribution of the 1937, 1955 and 1976 versions of "A Star is Born," neither the story, the screenplay, nor the score has ever been published.

Classic possesses positive prints of the 1937 version of "A Star is Born" which were made following the expiration of the statutory copyright in the film by persons having no authority from Warner or its predecessors to do so. Classic has rented and leased these prints. Classic's procurement, possession and leasing of the positive prints was and is without authority of Warner or its predecessors. Classic has not misrepresented its film prints as being other than of the 1937 version, and Warner makes no separate claim against Classic based upon the latter's use of the title "A Star is Born" in conjunction with its rent-.ing and leasing of the prints, other than Warner's copyright infringement claims based on such activity.

In December 1974, counsel for Warner notified Classic that it considered the latter's use of the film to constitute infringement of its common-law copyrights in the story, screenplay, and score and demanded that Classic cease offering the film for telecasting or other exhibition. Classic responded by commencing the present action.

## II.

 Defendant contends that, despite the 1965 expiration of its statutory copyright in the 1937 version of the film "A Star is Born", it still possesses valid common-law copyrights in the story, screenplay and mu-

sical score from which the film was derived, and that by virtue of its ownership of the common-law copyrights in the underlying works, any unauthorized duplication, distribution or exhibition of the 1937 film infringes its underlying copyrights. Plaintiff concedes, for present purposes at least, that defendant retains valid common-law copyrights in the underlying story, screenplay and musical score, and that no one not authorized by defendant can produce a fourth film version of "A Star is Born" based on these materials.[1] Plaintiff's essential argument is that when the statutory copyright in the film expired in 1965, the film fell into the public domain free of any claims, not only of the copyright proprietor of the film, but of the owner of the common-law copyrights in the underlying works. Any other result, plaintiff argues, defies both common sense and the fundamental thesis of copyright law that the monopoly protection which the Copyrights Act affords to works commercially exploited must be for a limited time only. Copyrights Act of 1947, § 24, 17 U.S.C. § 24 (1947); Copyrights Act of 1976, §§ 302, 303, 304, 17 U.S.C. §§ 302, 303, 304 (1978);[2] U.S.Const., art. I, § 8, cl. 8; *Goldstein v. California,* 412 U.S. 546, 560, 93 S.Ct. 2303, 37 L.Ed.2d 163 (1973); *G & C Merriam Co. v. Ogilvie,* 159 F. 638, 640 (1st Cir. 1908). In short, plaintiff asserts that, by reason of

1. A common-law copyright arises upon creation of an original literary or artistic work and protects the copyright proprietor from unauthorized publication, exhibition, or similar exploitation of the work. 1 Nimmer on Copyright §§ 11.2, 111 (1976). A common-law copyright is lost upon the copyright proprietor's publication of the matter so protected. *Id.,* § 46. Defendant strenuously argues that its commercial distribution of the 1937 film did not constitute publication of the underlying works, thereby terminating its common-law copyrights in such works. In light of the Court's conclusion, *infra,* that the expiration of defendant's statutory copyright in the film placed the entire film in the public domain, notwithstanding any common-law copyrights which defendant might possess in the underlying works, it is unnecessary to reach the still unsettled question of the public dedicatory effect, if any, of the distribution of a motion picture film on common-law copyrights in the materials on which the film is based. *See Gilliam v. American Broadcasting*

Company, 538 F.2d 14, 19–20 n. 3 (2d Cir. 1976); 1 Nimmer, *supra* §§ 56, 57. *Compare Brandon Films, Inc. v. Arjay Enterprises, Inc.,* 33 Misc.2d 794, 230 N.Y.S.2d 56, 57–58 (N.Y. Sup.Ct.1962) and *DeMille v. Casey,* 121 Misc. 78, 201 N.Y.S. 20, 27–28 (N.Y.Sup.Ct.1923), *with O'Neill v. General Film Co.,* 171 App.Div. 854, 157 N.Y.S. 1028, 1037–38 (N.Y.App.Div. 1916) and *Blanc v. Lantz,* 83 U.S.P.Q. 137, 139–42 (Cal.Super.Ct.1949). Neither is it necessary to reach the further question of the effect, if any, under § 7 of the Copyrights Act of 1947, 17 U.S.C. § 7 (1947), of publication of a derivative work on an existing *common-law* copyright in the underlying work.

2. The Copyrights Act of 1947 has been superseded by the Copyrights Act of 1976, which became effective on January 1, 1978. The terms of the 1947 Act were, however, in effect at all times material to the present litigation.

the Copyrights Act, the statutory copyright in the film having expired, the film may be freely exhibited, distributed or otherwise used without authority of defendant, regardless of the status of defendant's common-law copyrights in the works from which the film was derived. The Court agrees.

In support of its position, defendant points to the doctrine of copyright law, first articulated in *G. Ricordi & Co. v. Paramount Pictures, Inc.,* 189 F.2d 469 (2d Cir.), *cert. denied,* 342 U.S. 849, 72 S.Ct. 77, 96 L.Ed. 641 (1957), which holds that when a derivative work passes into the public domain while a copyright still exists in the underlying material, only the new matter in the derivative version is dedicated to the public use. *Id.* at 471–72; *Russell v. Price,* No. CV 75–1600–JWC (C.D.Cal. Sept. 20, 1977), *appeal docketed,* No. 77–3466 (9th Cir. Oct. 26, 1977), slip op. at 3, 1 *Nimmer On Copyright* § 45.3 (1976). Under this doctrine, material in the second work derived from the underlying work is deemed protected by the copyright in the latter. *Filmvideo Releasing Corp. v. Hastings,* 426 F.Supp. 690, 695 (S.D.N.Y.1976); *Grove Press, Inc. v. Greenleaf Publishing Co.,* 247 F.Supp. 518, 524–30 (E.D.N.Y.1965). Defendant urges that the *Ricordi* doctrine leads ineluctably to the conclusion that only the novel additions in the 1937 film version of "A Star is Born" currently lie in the public domain. To the extent that exhibition or other use of the derivative film exploits material in the common-law copyrighted story, screenplay or score, defendant contends, the film cannot be so used without its consent.

■ Defendant's reliance on the *Ricordi* doctrine is misplaced. In *Ricordi* and the subsequently decided cases which limited the use of publicly dedicated derivative works because of the copyright in the underlying matter, that copyright was statutory, not common-law. *G. Ricordi & Co. v. Paramount Pictures, Inc., supra* at 470;

*Russell v. Price, supra* at 1; *Filmvideo Releasing Corp. v. Hastings, supra* at 691; *Grove Press, Inc. v. Greenleaf Publishing Co., supra* at 521, 523. In none of these cases was an underlying common-law copyright attempted to be asserted against someone using a derivative work upon which a statutory copyright had expired. Application of *Ricordi* to a case in which the underlying copyright is common-law, rather than statutory, would constitute an unwarranted expansion of that doctrine.

■ A copyright obtained pursuant to federal statute, of course, exists for a finite period only, and, constitutionally, must be restricted as to length of time. Copyrights Act of 1947, § 24, 17 U.S.C. § 24 (1947); Copyrights Act of 1976, §§ 302, 303, 304, 17 U.S.C. §§ 302, 303, 304 (1978); U.S.Const., art. I, § 8, cl. 8; 1 *Nimmer, supra* § 48. Thus, despite the protection the *Ricordi* doctrine gives to a statutory copyright in an underlying work, the underlying copyright will expire in the relatively short period provided by the Copyrights Act, at which point both the original work and material in the derivative work previously protected by the underlying copyright will be dedicated to the public use. On the other hand, a common-law copyright is a grant of rights in perpetuity and is lost only upon the copyright proprietor's publication of the matter so protected. *Ferris v. Frohman,* 223 U.S. 424, 434, 32 S.Ct. 263, 56 L.Ed. 492 (1912); *Letter Edged in Black Press, Inc. v. Public Building Commission of Chicago,* 320 F.Supp. 1303, 1308 (N.D.Ill.1970); 1 *Nimmer, supra* § 48.[3]

■ Extension of the *Ricordi* doctrine to a case in which the underlying copyright is common-law, not statutory, would permit the proprietor of the copyright in the underlying work to extend for an indefinite time his monopoly of those portions of the derivative work which are based on the underlying material. Since it is impossible to cleave the story, screenplay and musical score of a motion picture film from the film

3. Although no longer recognized under the new Copyrights Act, *see* Copyrights Act of 1976, § 301, 17 U.S.C. § 301 (1978), common-law copyright in unpublished materials was explicitly sanctioned by the 1947 Act. *See* Copyrights Act of 1947, § 2, 17 U.S.C. § 2 (1947).

itself, the practical effect of defendant's argument, in the instant case, would be to grant it exclusive control over any use of the film for an unlimited period, despite the 1965 expiration of the statutory copyright therein and despite some 41 years of extensive commercial exploitation of the work by defendant.[4] To permit this result would frustrate the whole concept of limited monopoly in copyright law. *See* 1 *Nimmer, supra* § 48. It would allow a person to exercise an unlimited monopoly of a derivative work otherwise in the public domain simply through the artifice of having maintained a common-law copyright in the underlying work, instead of having copyrighted the basic work for a fixed period of years pursuant to statute. There exists no decided case which sustains this result.[5] It is a result which clearly conflicts with the limited monopoly policy of the Copyrights Act and the Copyrights Clause of the Constitution. It is one which, in the view of this Court, cannot be countenanced.

### III.

The Court holds that the expiration of defendant's statutory copyright in the 1937 version of the motion picture film "A Star is Born" dedicated the film in its entirety to the public use, and that defendant's common-law copyrights in the dialogue, script and musical score of the film afford no basis for its claim to the exclusive right to exhibit, distribute or otherwise use the film. Judgment will be entered declaring that defendant has no valid claim or cause of action for copyright infringement against plaintiff or plaintiff's licensees or lessees in respect of its or their distribution or exhibi-

tion of prints of the 1937 version of the motion picture film "A Star is Born", and dismissing the first counterclaim (copyright infringement) in defendant's answer to the amended complaint. Plaintiff may submit a proposed form of judgment, with notice to defendant, within ten days. Defendant may present its comments thereon within five days thereafter.

IT IS SO ORDERED.

4. The former Copyrights Act, the provisions of which, as previously noted, were in effect at all times material to the present litigation, placed no limitation on the duration of a common-law copyright. *See* Copyrights Act of 1947, *supra* n. 3. The new Copyrights Act preserves common-law copyrights in existence prior to its effective date, January 1, 1978, but limits the period in which such copyrights are valid. Even under the applicable provisions of the new Act, however, the story, screenplay and score of the 1937 film "A Star is Born", if covered by common-law copyright on January 1, 1978, would remain protected by copyright

until the year 2037, 100 years from the creation of the work. Copyrights Act of 1976, §§ 303, 302, 17 U.S.C. §§ 303, 302 (1978).

5. The only authority which supports defendant's position is a footnote in *Gilliam v. American Broadcasting Companies, Inc., supra* at 19–20 n. 3, where, in dictum, the court suggested that the limited dedicatory effect of the termination of copyright in a derivative work is not altered when the subsisting copyright in the underlying matter is common-law instead of statutory.