**CLASSIC FILM MUSEUM, INC., Plaintiff, Appellee,**

v.

**WARNER BROS., INC., Defendant, Appellant.**

No. 78–1456.

United States Court of Appeals, First Circuit.

Argued March 13, 1979.

Decided April 30, 1979.

Stanley Rothenberg, New York City, with whom Bernard R. Sorkin, Theodore S. Green, New York City, John W. Philbrick and Verrill & Dana, Portland, Maine, were on brief, for defendant-appellant.

Stuart H. White, Portland, Maine, for plaintiff-appellee.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, PETTINE, District Judge.*

PETTINE, District Judge.

This case involves the legal effect of an expired statutory copyright on a work derived from an underlying work in which there exists a common-law copyright. The action was decided below on an agreed statement of facts which need not be repeated in detail. It suffices to say that a statutory copyright on a film entitled "A Star is Born" expired and that the defendant owner of the expired copyright also possesses all rights in the unpublished screenplay and story upon which the film

---

* Of the District of Rhode Island, sitting by designation.

was based. Because the screenplay and story remain unpublished, the defendant contends that they are under a common-law copyright. It then argues that the film cannot be severed from these underlying works, and therefore, concludes that, in spite of the expiration of its statutory copyright on the film, any unauthorized duplication of the film infringes its common-law copyright in the underlying story and screenplay.

The trial court, after an analysis of all pertinent case law, ruled that by reason of the Copyrights Act, the film could be freely used without the authority of the defendant; the status of the common-law copyright in the underlying work was of no consequence. *Classic Film Museum, Inc. v. Warner Bros., Inc.*, 453 F.Supp. 852 (D.Me. 1978).

The defendant relies mainly on *G. Ricordi & Co. v. Paramount Pictures, Inc.*, 187 F.2d 469 (2d Cir.), *cert. denied*, 342 U.S. 849, 72 S.Ct. 77, 96 L.Ed. 641 (1957), and the cases that generated from it: *Filmvideo Releasing Corp. v. Hastings*, 426 F.Supp. 690 (S.D. N.Y.1976); *Grove Press, Inc. v. Greenleaf Publishing Co.*, 247 F.Supp. 518 (E.D.N.Y. 1965).

*Ricordi* initiated a doctrine that grants limited protection for an uncopyrighted work if it is derived from an underlying work which is validly copyrighted. In *Ricordi*, the Second Circuit found that material in a play, whose statutory copyright had expired, continued to be protected if the material derived directly from an underlying story which still enjoyed the protection of a statutory copyright. The *Ricordi* court emphasized that new material contained in the derivative work "was property in the public demesne"; but, the underlying work, or that portion of the underlying work contained in the derivative work, was protected for exclusive use. 189 F.2d at 472. *See* Nimmer, Copyrights § 3.07[C].

This principle was most fully articulated in *Grove Press, Inc. v. Greenleaf Publishing Co., supra*, which involved the book *The Thief's Journal* by Jean Genet and originally published in the French language. The French language version was protected by a valid statutory copyright. An American citizen then contracted to publish an authorized English translation of the work but failed to comply with copyright requirements. The Greenleaf Publishing Company then copied the English translation and claimed that it was in the public domain. The court assumed that the English version was in the public domain, but nevertheless found that copying the derivative work (*i. e.* the translation) necessarily infringed upon the valid copyright in the underlying French language story. The derivative work, therefore, was protected during the limited life of the statutory copyright that protected the underlying work. Defendant argues that the film, in this case, should be viewed as analogous to the visual translation of the common-law copyrighted story and screenplay.

In this case, the film "A Star is Born" was copyrighted in 1937 and because it was not renewed, the copyright expired in 1965. The film was based on a story and screenplay in which there was no statutory copyright but rather a conceded common-law copyright; such a copyright grants in perpetuity absent publication of the matter so protected. In other words, the defendant is saying the expiration of the copyright in 1965 is of no consequence; its monopoly of the derivative work based upon the underlying material extends indefinitely.

Defendant's reliance upon the *Ricordi* line of cases is misplaced. Those cases solely concerned underlying works which were statutorily copyrighted; thus, any protection offered by the *Ricordi* doctrine was limited to the fixed life of the underlying copyright (28 years plus the renewal period). The *Ricordi* doctrine is not equally applicable where there is an underlying common-law copyright which might extend indefinitely. Such unending protection of the derivative work would allow the *Ricordi* exception to swallow the rule of limited monopoly found in the constitution and copyright statutes.

The owner of a common-law copyright in the underlying work cannot expand the

statutorily created monopoly, the limitation of which is designed to place in the public domain not only the copyrighted matter but also the good will generated throughout the period of the monopoly. This is the price to be paid by the copyright holder in exchange for the exclusive statutory monopoly he enjoyed.

A plain reading of *Ricordi* and the other cited authorities does not support the defendant. As the trial judge stated, the acceptance of the defendant's position would lead to a result "which conflicts with the limited monopoly policy of the Copyrights Act and the Copyrights Clause of the Constitution." We agree that it is a view that "cannot be countenanced."

For the reasons stated in the trial judge's learned and succinct opinion, we affirm. *Classic Film Museum, Inc. v. Warner Bros., Inc.*, 453 F.Supp. 852 (D.Me.1978).