PER CURIAM:
 

 This case arises out of a bankruptcy proceeding filed by Continental Airlines, Inc. (Continental), on September 24, 1983 (hereafter “the 1983 bankruptcy proceedings”), in the United States Bankruptcy Court for the Southern District of Texas. Two groups of pilot-employees of Continental appeal the district court’s dismissal of their proofs of claim for furlough pay they contend Continental owes them because of a temporary work stoppage which took place around the time of the 1983 bankruptcy petition. On December 3, 1990, Continental filed a second Chapter 11 bankruptcy (hereafter “the 1990 bankruptcy proceedings”), which stayed all judicial actions against the airline by operation of 11 U.S.C. § 362(a). For the reasons stated below, we issued an Order on March 15, 1991, holding that the present appeal is stayed in light of § 362(a) and the 1990 bankruptcy proceedings
 
 (see
 
 Appendix). We set forth our reasons below.
 

 Facts and Procedural Background
 

 At 5:00 p.m. on September 24,1983, Continental suspended its entire domestic air
 
 *128
 
 passenger service and a portion of its international operations. One and one-half hours later, the airline filed for protection from creditors under the Chapter 11 reorganization provisions of title 11 of the United States Bankruptcy Code.
 
 See
 
 11 U.S.C. §§ 1101-1174. On September 27, the airline reopened portions of its domestic service, using substantially fewer pilots than it had employed prior to filing for bankruptcy. Continental cut recalled pilots’ salaries by 50 percent or more and significantly reduced their benefits.
 

 Before the April 30,1985, bar date to file employee-related claims, and relying upon provisions in the collective bargaining agreement between the Airline Pilots Association (ALPA) and the airline, a number of Continental pilots filed individual proofs of claim with the bankruptcy court for furlough pay totalling $32.6 million they contended they were owed as a result of the September 1983 shutdown. With the bankruptcy court’s approval, Continental filed motions for summary judgment disposal of a variety of employee-related claims, including furlough pay claims filed by the individual pilots. ALPA opposed the motion in the pilots’ behalf. The court allowed the Stephens and O’Neill Groups, which organized to pursue these claims separately from the union and which include all of the pilot claimants, the opportunity to file their own oppositions. On June 27, 1986, the bankruptcy court granted Continental’s motion for summary judgment dismissing the pilots’ claims.
 

 On July 7,1986, the Stephens and O’Neill Groups jointly filed a Notice of Appeal from the June 27 Order to the district court. On December 3, 1987, the district court dismissed the appeal from the bankruptcy court for the pilots’ groups’ failure to file briefs within the time specified. However, on March 13, 1989, the court granted the two groups’ motions to reinstate their appeals. On August 4, 1989, the district court, Singleton, J., issued a memorandum opinion affirming the bankruptcy court’s order in all respects. The O’Neill and Stephens Groups perfected their appeal to this Court on August 4, 1989, and oral argument was heard in the case on September 14, 1990. On December 3, 1990, before the Court had rendered its decision in this case, Continental again filed Chapter 11 bankruptcy proceedings, this time in the Delaware bankruptcy court. The parties to this appeal thereafter briefed the court on the question whether the § 362(a) automatic stay provision applies here.
 

 Automatic Stay of the Appeal
 

 Section 362 of title 11 of the Bankruptcy Code provides:
 

 (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—
 

 (1) the commencement or
 
 continuation,
 
 including the issuance or employment of process,
 
 of a judicial,
 
 administrative, or other action or
 
 proceeding against the debtor
 
 that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debt- or that arose before the commencement of the case under this title; ...
 

 11 U.S.C. § 362 (emphasis added). Continental contends that this provision stays the present appeal of the pilots’ claims against the airline for furlough pay until the current 1990 bankruptcy proceedings, which the airline voluntarily instituted in the Delaware court, are resolved. The pilots counter that the stay does not apply to this proceeding because it is a claim filed in response to Continental’s 1983 Chapter 11 bankruptcy and therefore had its genesis in a voluntary initiation of proceedings
 
 by
 
 the debtor rather than against it. By Order issued March 15, 1991, we held that the § 362(a) stay applies, and state our reasons herein.
 

 This appeal from the district court decision denying the pilots’ claim that they are entitled to furlough pay for the three-day work stoppage is certainly the continuation of a judicial proceeding. Therefore, we need only resolve whether this proceeding is “against the debtor.”
 
 See Freeman v. Commissioner of Internal Revenue,
 
 799
 
 *129
 
 F.2d 1091, 1092-93 (5th Cir.1986). In
 
 Freeman,
 
 this Court held that the answer to the question whether a suit is against the debtor and is stayed by § 362(a) “is determined from an examination of the posture of the case at the initial proceeding.”
 
 Id.
 
 at 1093;
 
 see also Cathey v. Johns-Manville Sales Corp.,
 
 711 F.2d 60, 61-62 (6th Cir.1983). In the O’Neill and Stephens Groups’ view, the initial “judicial ... proceeding ... commenced” on September 24, 1983, when Continental filed a chapter 11 petition for reorganization; thus, this proceeding, they argue, should be deemed initiated
 
 by
 
 the debtor.
 

 We disagree. While it may be true that this appeal is linked to the 1983 bankruptcy proceedings, filed by Continental, proofs of claim to which the debtor objects, including this one, are undoubtedly “against the debtor” in the context of § 362(a)(1). This case is different from
 
 Freeman,
 
 upon which the O’Neill and Stephens Groups rely so heavily. We determined that § 362(a) did not stay that case, a petition for rede-termination of federal income tax liability, because the proceedings were clearly begun by the debtor. 799 F.2d at 1093. In contrast, the dispute over the pilots’ claim for furlough pay, initiated
 
 against
 
 Continental, is the subject of the litigation before us. As we stated in
 
 In re Simmons,
 
 765 F.2d 547 (5th Cir.1985), the filing of a proof of claim is analogous to the filing of a complaint in a civil action, with the bankrupt’s objection the same as the answer.
 
 See id.
 
 at 552
 
 (citing Nortex Trading Corp. v. Newfield,
 
 311 F.2d 163, 164 (2d Cir.1962)).
 
 [1]
 

 Accordingly, we reject the pilots’ contention that the present appeal is the continuation of a judicial proceeding initiated
 
 by
 
 the debtor, and hold that the § 362(a) stay applies.
 
 [2]
 
 Only the Delaware bankruptcy court may grant relief from the effect of the automatic stay provision.
 
 See
 
 11 U.S.C. § 362(d), (f). The parties are instructed to inform this Court in the event that the Delaware court grants such relief or if the stay lapses. Until we receive such information, all proceedings herein with respect to this appeal are stayed pursuant to the March 15, 1991, Order.
 

 APPENDIX
 

 (March 15, 1991)
 

 Before BROWN, POLITZ, and JOHNSON, Circuit Judges.
 

 BY THE COURT:
 

 ORDER
 

 Pending before us is an appeal from a summary judgment order of the United States District Court for the Southern District of Texas, Singleton, J., affirming the Bankruptcy Court’s grant of Continental’s Motion for Summary Judgment against the appellants, the O’Neill and Stephens Groups of 1,069 pilot-employees of Continental (hereafter “Pilots”). Specifically, the Pilots’ claims involved in this appeal are for furlough pay arising out of the temporary shutdown of operations which occurred around the time of Continental’s Chapter 11 bankruptcy filing on September 24, 1983.
 

 
 *130
 
 Since that time, on December 3, 1990, Continental has instituted an entirely new Chapter 11 proceeding in the United States Bankruptcy Court for the District of Delaware (Balick, J.). Continental urges that this 1990 bankruptcy proceeding automatically stays the present appeal. 11 U.S.C. § 362(a). From the outset of the current Delaware filing, this Court has kept the Delaware Court fully informed of Continental’s position, by sending photocopies of all briefs and memoranda regarding the automatic stay issue. Because the Delaware Court has thus far taken no position on whether the 1990 proceeding stays the instant appeal, the question is squarely before this Court.
 

 For reasons we will subsequently file, the Court concludes that the present appeal is automatically stayed by operation of 11 U.S.C. § 362(a), in light of the current bankruptcy proceedings. Nothing in this Order shall be construed as a determination of the validity or legality of the Delaware bankruptcy proceedings, and, on the contrary, the Court assumes without deciding that such proceeding is valid and subsisting.
 

 Of course, any party has the right to apply to the Delaware Bankruptcy Court for relief from the stay pursuant to 11 U.S.C. § 362(d).
 

 [1]
 

 . The O’Neill and Stephens Groups argue that, because the
 
 Simmons
 
 language was adopted from
 
 Nortex,
 
 a Second Circuit case decided under the now defunct Bankruptcy Act of 1898, this comparison of the proof of claim procedure to a civil case "can have no bearing here.” The procedure for filing proofs of claim and objections did not change in any respect material here with the enactment of the current Bankruptcy Code in 1978, however, and the analogy is applicable to this case, as there would be no cause for appeal unless the creditor or equity security holder took action
 
 against the debtor
 
 to share in the debtor’s assets.
 
 Compare
 
 former 11 U.S.C. § 596 (1958) (repealed)
 
 with
 
 current 11 U.S.C. § 501 (1988).
 

 [2]
 

 . We likewise reject the pilots’ alternative contention that the automatic stay cannot apply because the Delaware court cannot obtain jurisdiction over the pilots’ claims, which rests exclusively in the Texas bankruptcy court. Although we foresee problems with transfer of the various claims remaining from the 1983 bankruptcy proceedings, and especially this claim, the broad dictates of § 362(a) nevertheless require that this appeal be stayed. We cannot escape the congressional mandate.
 
 See In re Tampa Chain, Inc.,
 
 835 F.2d 54 (2d Cir.1987) (appeal of damages award against bankrupt defendant stayed as of date of filing of Chapter 13 petition).