FILED

MAR 07 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

ORDERED PUBLISHED

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No.   NC-13-1119-KiDJu |
| ELAINE L. BROSIO, | Bk. No.   12-57468-SLJ |
| Debtor. | |
| | |
| ELAINE L. BROSIO, | |
| Appellant, | |
| v. | **O P I N I O N** |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | |
| Appellee. | |

Argued and Submitted on February 20, 2014,
at San Francisco, California

Filed - March 7, 2014

Appeal from the United States Bankruptcy Court
for the Northern District of California

Hon. Stephen L. Johnson, Bankruptcy Judge, Presiding

_____

Appearances:     Jim Erickson, Esq. of the Mlnarik Law Group, Inc.
                 argued for appellant, Elaine L. Brosio; Steven K.
                 Linkon, Esq. of RCO Legal, PS argued for appellee,
                 Deutsche Bank National Trust Company.


Before: KIRSCHER, DUNN and JURY, Bankruptcy Judges.

KIRSCHER, Bankruptcy Judge:

Debtor Elaine L. Brosio ("Brosio") appeals an order denying her motion for attorney's fees on the basis that she was not the prevailing party under CAL. CIV. CODE § 1717 and that the fees requested were not reasonable. We AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Brosio filed a chapter 13[1] bankruptcy case on October 16, 2012. Among the assets was Brosio's residence. In connection with the residence, Brosio had executed a note ("Note") and deed of trust ("DOT") in January 2007 in favor of former lender, Paul Financial, LLC. Appellee Deutsche Bank National Trust Company ("Deutsche Bank") recorded the assignment of the DOT on November 9, 2012.

Paragraph 9 of the DOT, "Protection of Lender's Interest in the Property and Rights Under this Security Instrument," provides, in relevant part:

> If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument; (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument, or to enforce laws or regulations) . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court;

---

[1] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

-2-

and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding . . . . Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument.

Paragraph 14 of the DOT, "Loan Charges," provides, in relevant part:

Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees . . . .

Paragraph 22 of the DOT, "Acceleration; Remedies," provides, in relevant part:

Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

Finally, Paragraph 7(E) of the Note, "Borrower's Failure to Pay as Required," provides:

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

Loan servicer GMAC Mortgage, LLC filed a proof of claim ("POC") on behalf of Deutsche Bank, asserting a secured claim for $587,050.61. The amount claimed in the POC included the principal balance of $585,771.36, $854.25 in interest, and $425.00 for "attorney fees for filing proof of claim, reviewing plan and filing request for special notice[.]" Brosio was current in her mortgage payments at the time the POC was filed.

-3-

Brosio filed a one-page form objection to the POC, disputing only the attorney fee of $425.00 ("Claim Objection"). Brosio contended the fees were "inappropriate" and "were not justified by Creditor's need to assert their [sic] property rights, in that Debtor is current in payments and has not given any indication that Creditor's interest in the property is at risk or that foreclosure will become an option for Creditor." No hearing was requested, set or held for the Claim Objection.

Deutsche Bank subsequently filed an amended POC removing the $425.00 attorney fee. Brosio's counsel contacted counsel for Deutsche Bank seeking reimbursement for the $865.00 she incurred in attorney's fees filing the Claim Objection. Deutsche Bank declined to pay the fees.

**A. Brosio's motion for attorney's fees**

On January 24, 2013, Brosio moved for an order awarding her attorney's fees and costs "for her successful objection" to the POC ("Fee Motion"). Brosio argued that because her objection to the $425.00 attorney fee prompted Deutsche Bank to file an amended POC removing the fee (thus implicitly withdrawing the original POC), she was "the prevailing party in an action on a contract" and was therefore entitled to fees and costs under CAL. CIV. CODE P. ("CCP") §§ 1032 and 1033.5(a)(10), and CAL. CIV. CODE ("CCC") § 1717. Brosio based her claim on the attorney's fees provisions found in Paragraphs 9, 14 and 22 of the DOT and Paragraph 7(E) of the Note.

Recognizing that no hearing or further litigation occurred in connection with her Claim Objection, Brosio argued that California law still allowed for her fees as the "prevailing party," citing

-4-

Hsu v. Abbara, 9 Cal. 4th 863, 877 (1995), which held that a party may "be found to be a prevailing party if it is clear that the party has otherwise achieved its main litigation objective," and Scott Co. v. Blount, Inc., 20 Cal. 4th 1103, 1109 (1999), which, relying on Hsu, held: "When a party obtains a simple, unqualified victory by completely prevailing on or defeating all contract claims in the action and the contract contains a provision for attorney fees, section 1717 entitles the successful party to recover reasonable attorney fees incurred in prosecution or defense of those claims." Brosio cited two additional unpublished cases she contended supported her Fee Motion: Moran v. Deutsche Bank Nat'l Trust Co. (In re Moran), 2012 WL 6645025 (Bankr. D. Haw. Dec. 20, 2012); and Aurora Loan Servs., LLC v. Guzman, 2012 WL 359684 (N.D. Cal. Feb. 2, 2012).[2]

Brosio conceded that no "prevailing party" exists where the action has been voluntarily dismissed or dismissed pursuant to a settlement of the case. CCC § 1717(b)(2).[3] However, Brosio

---

[2] Brosio argued that in Moran, the bankruptcy court awarded attorney's fees to a debtor (under Hawaii's version of CCC § 1717) for objecting to a proof of claim that was later withdrawn, based on an attorney's fee provision in the note and deed of trust. In Guzman, the district court affirmed the bankruptcy court's award of fees to a debtor under CCC § 1717 who had lost a stay violation action against the creditor, but prevailed in reducing the creditor's proof of claim by several hundred dollars for improper overcharges. The district court determined that the stay violation action could be viewed as an action "on a contract" within the meaning of CCC § 1717, because debtor had also alleged that no contractual basis existed for the creditor to impose the charges in the first place.

[3] CCC § 1717(b)(2) provides:

Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no
(continued...)

-5-

argued that because she, as the objector, was in the position of "plaintiff," the voluntary withdrawal/amendment of the POC by "defendant" Deutsche Bank was not a voluntary dismissal.

In support of her Fee Motion, Brosio's counsel submitted a declaration setting forth the time spent on the matter by various firm members. In addition to the $865.00 in fees Brosio incurred in filing her Claim Objection, she sought $3,010.00 incurred preparing the Fee Motion and related papers and $1,400.00 for her anticipated reply to Deutsche Bank's response and hearing attendance, for a total request of $5,265.00.[4]

Deutsche Bank opposed the Fee Motion, contending that Brosio was not entitled to attorney's fees under CCC § 1717 because she had not "prevailed" in her Claim Objection, as no order sustaining her objection was entered, and because her Claim Objection was not a "successful" contested matter. Deutsche Bank argued that its claimed $425.00 attorney fee was supported by Paragraph 9 in the DOT, which authorized such charges due to Brosio's bankruptcy filing, and that it only amended the POC removing the fee as a courtesy and in the interest of conserving judicial resources; it was not an admission of wrongdoing.

In her reply, Brosio contended that no "order" had to be entered on the Claim Objection for her to be entitled to fees under CCC § 1717. Brosio argued that even if Deutsche Bank's $425.00 attorney fee was justified, the claim was implicitly

---

[3](...continued)
prevailing party for purposes of this section.

[4] The requested amounts add to $5,275.50.

withdrawn and an amended claim was filed. Therefore, argued Brosio, she "prevailed" because it was clear she had achieved her main litigation objective of removal of the fee. In any event, Brosio argued that Deutsche Bank could not rely on Paragraph 9 of the DOT to justify its fees; she was not in default on the Note nor did she present any risk of default, so Deutsche Bank had no need to protect its interest in the collateral by filing a proof of claim. Lastly, Brosio argued that Deutsche Bank should have accepted her reasonable settlement offer of $865.00. Attached to Brosio's reply was a declaration from counsel asserting that her fees now totaled $6,535.00.

**B.    The bankruptcy court's ruling on the Fee Motion**

A hearing on the Fee Motion was held on February 21, 2013. After brief argument by the parties, the bankruptcy court read its oral ruling into the record. The court began by noting that it "never considered the [Claim Objection]" and "made no rulings on the appropriateness or the legal sufficiency of either the [POC], the amended [POC], or the [Claim Objection]." Hr'g Tr. (Feb. 21, 2013) 5:7-11. After reviewing the language of CCC § 1717(a), the court then stated that two questions were presented by the Fee Motion: Was Brosio the prevailing party? And, were the requested fees reasonable?

The bankruptcy court found that Brosio was not the prevailing party for two reasons. First, according to the Note, Deutsche Bank was entitled to charge the $425.00 attorney's fee. Id. at 6:23-7:5. Second, the amended POC, which removed the $425.00 fee but still sought over $500,000 from Brosio, was "not an unmitigated win for [Brosio]." Id. at 7:5-16. The court

-7-

distinguished Moran and Guzman as either factually dissimilar or not precedential in any event. The court also found that Brosio's requested fees were not reasonable; the almost $5,600.00 she sought was disproportionate to the $425.00 in fees to which she objected.

The bankruptcy court entered an order denying Brosio's Fee Motion on February 27, 2013 ("Fee Order"). This timely appeal followed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1. Did the bankruptcy court err in determining that Brosio was not the prevailing party?

2. Did the bankruptcy court erroneously determine the reasonableness of Brosio's requested fees as an element in the analysis of whether any fees at all should be awarded?

## IV. STANDARDS OF REVIEW

We review a bankruptcy court's refusal to award attorney's fees for an abuse of discretion. Renfrow v. Draper, 232 F.3d 688, 693 (9th Cir. 2000); Dinan v. Fry (In re Dinan), 448 B.R. 775, 783 (9th Cir. BAP 2011). "[A] court's decision that there was no 'prevailing party on the contract' is subject to review under the abuse of discretion standard of review." City of Emeryville v. Robinson, 621 F.3d 1251, 1266 (9th Cir. 2010)(citations omitted). A bankruptcy court abuses its discretion if it applied the wrong legal standard or its factual findings were illogical, implausible or without support in the record. TrafficSchool.com, Inc. v.

-8-

*Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

The bankruptcy court's application and interpretation of California law will be reviewed de novo. *Viceroy Gold Corp. v. Aubry*, 75 F.3d 482, 488 (9th Cir. 1996).

We may affirm on any ground supported by the record. *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008).

**V. DISCUSSION**

**A.    CCC § 1717**

CCC § 1717 provides a basis for a party to recover attorney's fees incurred in litigation of a contract claim.  It provides, in relevant part:

>     (a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. . . . Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit.
>
>     (b)(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment.  Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract.  The court may also determine that there is no party prevailing on the contract for purposes of this section.

CCC § 1717(a), (b)(1).

Attorney's fees awarded under CCC § 1717 are specifically allowed as a recoverable cost under CCP §§ 1032 and 1033.5.  CCP § 1033.5(c)(5).[5]  CCC § 1717 creates a reciprocal right to recover

---

[5]  CCP § 1033.5(c)(5) provides, in relevant part:

(continued...)

attorney's fees as costs in a dispute over a contract containing an attorney fee clause, regardless of whether the attorney fee clause provision in the contract would have allowed for reciprocal recovery. <u>Santisas v. Goodin</u>, 17 Cal. 4th 599, 610-11 (1998).

**B.    The bankruptcy court did not err in determining that Brosio was not the prevailing party.**

Brosio contends the bankruptcy court erred in determining she was not the "prevailing party." Specifically, she contends that her sole litigation objective was to remove the $425.00 attorney fee from the amount claimed by Deutsche Bank in its POC, and by Deutsche Bank amending its POC to remove the fee, it implicitly withdrew its original claim. Therefore, Brosio contends that she clearly and unequivocally prevailed on the sole issue litigated in the action on the contract.

Brosio argues that the size of the mortgage in comparison to the victory on the fees was of no relevance because the "action on the contract" was not an action on Deutsche Bank's entire claim, it was on the sole issue of the attorney's fee. She contends the bankruptcy court erred by equating "action on the contract" with the entire claim, rather than the discrete legal proceeding over the disputed fee. Brosio also argues that lack of an order on her Claim Objection was of no importance to the issue of prevailing

---

[5](...continued)

(c) Any award of costs shall be subject to the following:

. . .

(5) . . . Attorney's fees awarded pursuant to Section 1717 of the Civil Code are allowable costs under Section 1032 of this code as authorized by subparagraph (A) of paragraph (10) of subdivision (a).

-10-

party.

Deutsche Bank contends that, in addition to Brosio failing to submit any evidence in support of her Claim Objection, she could not be the "prevailing party" because the bankruptcy court never rendered any decision on the Claim Objection or the POC; hence, no party obtained a "victory" or "unqualified win" on the submitted claim. We agree.

Determination of "prevailing party" for the purpose of reciprocal attorney's fees in California is guided by the California Supreme Court's decision in Hsu:

> Accordingly, we hold that in deciding whether there is a "party prevailing on the contract," the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. The prevailing party determination is to be made only upon final resolution of the contract claims and only by "a comparison of the extent to which each party has succeeded and failed to succeed in its contentions." [Internal citation omitted].

9 Cal. 4th at 876. Hsu, wherein the court determined the merits of the contract claim at issue, also held that when the results of the litigation on the contract claims are not mixed — that is, when the court's decision is purely good news for one party and bad for the other — the trial court has no discretion to deny attorney's fees to the successful party. Id. at 875-76.

> Thus, when a defendant defeats recovery by the plaintiff on the only contract claim in the action, the defendant is the party prevailing on the contract under section 1717 as a matter of law. [Internal citations omitted]. Similarly, a plaintiff who obtains all relief requested on the only contract claim in the action must be regarded as the party prevailing on the contract for purposes of attorney fees under section 1717. [Internal citations omitted].

Id. at 876. "*In determining litigation success*, courts should

-11-

respect substance rather than form, and to this extent should be guided by 'equitable considerations.' For example, a party who is denied direct relief on a claim may nonetheless be found to be a prevailing party if it is clear that the party has otherwise achieved its main litigation objective." Id. at 877 (citations omitted)(emphasis in original).

Some appellate courts in California have held that the court can determine a "prevailing party" and award attorney's fees under CCC § 1717, even when that party has prevailed only on a discrete legal proceeding and the merits of the underlying contract dispute have not yet been decided. This issue most often arises in the context of motions to compel arbitration, or when an action (or defendant) is dismissed on procedural grounds. See Kandy Kiss of Cal., Inc. v. Tex-Ellent, Inc., 209 Cal.App.4th 604, 613-14 (2012) (defendant who prevails by obtaining a dismissal for lack of subject matter jurisdiction is entitled to contractual attorney's fees, even though plaintiff is able to refile in another forum); PNEC Corp. v. Meyer, 190 Cal.App.4th 66, 71 (2010)(awarding fees to defendant where complaint was dismissed on forum non conveniens grounds, even though no adjudication on the actual contract dispute had occurred and may still occur in another forum); Profit Concepts Mgmt., Inc. v. Griffith, 162 Cal.App.4th 950, 955-56 (2008)(trial court dismissed defendant for lack of personal jurisdiction and plaintiff awarded nothing on claim; appellate court held that determination on merits of contract claim was not required for trial court to award attorney's fees under CCC § 1717; the contract claim was "finally resolved" within the meaning of Hsu); Otay River Constructors v. San Diego Expressway,

158 Cal.App.4th 796, 806-08 (2008)(where no contract action pending and petition to compel arbitration is filed, successful defense of the petition allows an award of prevailing party attorney's fees, even though merits of contract dispute may be decided later).

However, some California courts have disagreed with this notion. See HSBC Bank USA v. DJR Props., Inc., 2011 WL 1404899, at *2 (E.D. Cal. Apr. 13, 2011)(dismissal for lack of subject matter jurisdiction; rejecting Profit Concepts as inconsistent with the plain language of CCC § 1717 and Hsu's holding that prevailing party can only be determined upon "final resolution" of the contract claims); Idea Place Corp. v. Fried, 390 F.Supp.2d 903, 904-05 (N.D. Cal. 2005)(district court denied fees under CCC § 1717 based on dismissal for lack of subject matter jurisdiction; plaintiff could still pursue contract claims in state court, so "prevailing party" on the action remained to be seen); Frog Creek Partners, LLC v. Vance Brown, Inc., 206 Cal.App.4th 515, 538-39 (2012)(defeating petition to compel arbitration filed in pending contract action does not justify attorney's fees because merits of contract action are still to be determined and there can only be one prevailing party "on the action"); Estate of Drummond, 149 Cal.App.4th 46, 51-52 (2007)(despite dismissal of plaintiff's claims in probate court, trial court had discretion to deny defendants' fee motion because litigation was continuing in same court where separate contract suit had already been filed).

Fortunately, we do not have to decide which courts are correct to resolve this appeal. Brosio fails to address a major procedural problem presented in this case. In all of the cases

-13-

she cites to support her fees — <u>Hsu</u>, <u>Otay River Constructors</u>, <u>Scott Co.</u>, <u>Santisas</u>, <u>Moran</u>, <u>Guzman</u> — and in the cases we cited above, the trial court rendered a "decision" on a pending matter, whether it be a motion to compel arbitration, a motion to dismiss, or a judgment after trial, before any party moved for or was awarded attorney's fees under CCC § 1717. She has not cited, and we could not locate, a single case with a procedural posture such as this one where nothing was adjudicated by the court and yet it considered a party's motion for attorney's fees under CCC § 1717. Although the bankruptcy court ultimately determined that Brosio was not the prevailing party because Deutsche Bank was entitled to charge the $425.00 fee and because it recovered a greater relief, the court also noted that it had never made any ruling regarding the appropriateness or the legal sufficiency of either the POC, the amended POC, or the Claim Objection. It is on that basis we affirm the bankruptcy court's ruling.

No "final resolution" was ever entered by a court on Deutsche Bank's POC or Brosio's Claim Objection, whether it be on the entire claim or the discrete proceeding over the disputed fee. <u>Hsu</u>, 9 Cal. 4th at 876. For Brosio to be the prevailing party, we conclude that the bankruptcy court had to first enter some sort of disposition on these issues. Brosio's "self-proclaimed" victory is insufficient to trigger an award under CCC § 1717.

The California Rules of Court further support our decision. Under Court Rule 3.1702,[6] which governs the timing of claims for

---

[6] Court Rule 3.1702 provides, in relevant part:

(a) Application. Except as otherwise provided by statute,
(continued...)

-14-

attorney's fees under CCC § 1717, a party must file and serve its notice and motion for fees within the time for filing a "notice of appeal." Arguably, one cannot file an appeal without a final underlying order or judgment from the court, and certainly no appeal time can run until one is entered. Thus, "some" order or judgment must exist before a party can move for, or be entitled to, attorney's fees under CCC § 1717.

Alternatively, we conclude that CCC § 1717(b)(2) precluded Brosio from being the prevailing party. Under CCC § 1717(b)(2), no prevailing party will exist when an action has been voluntarily dismissed. Brosio is incorrect when she equates herself to "plaintiff" and Deutsche Bank as "defendant." The filing of a proof of claim is analogous to filing a complaint in the bankruptcy case. United States v. Levoy (In re Levoy), 182 B.R. 827, 833 n.5 (9th Cir. BAP 1995); Smith v. Dowden, 47 F.3d 940, 943 (8th Cir. 1995); Simmons v. Savell (In re Simmons), 765 F.2d

[6](...continued)
this rule applies in civil cases to claims for statutory attorney's fees and claims for attorney's fees provided for in a contract. Subdivisions (b) and (c) apply when the court determines entitlement to the fees, the amount of the fees, or both, whether the court makes that determination because the statute or contract refers to "reasonable" fees, because it requires a determination of the prevailing party, or for other reasons.

(b) Attorney's fees before trial court judgment

    (1) Time for motion

        A notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court — including attorney's fees on an appeal before the rendition of judgment in the trial court — must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108 in an unlimited civil case or under rules 8.822 and 8.823 in a limited civil case.

-15-

547, 552 (5th Cir. 1985); Nortex Trading Corp. v. Newfield, 311 F.2d 163, 164 (2d Cir. 1962); In re Edwards Theatres Circuit, Inc., 281 B.R. 675, 681 (Bankr. C.D. Cal. 2002). And a claim objection by the debtor is analogous to an answer. O'Neill v. Cont'l Airlines (In re Cont'l Airlines), 928 F.2d 127, 129 (5th Cir. 1991)("[T]he filing of a proof of claim is analogous to the filing of a complaint in a civil action, with the bankrupt's objection the same as the answer.")(citing Simmons and Nortex Trading Corp.); In re Cruisephone, Inc., 278 B.R. 325, 330 (Bankr. E.D.N.Y. 2002)("In the bankruptcy context, a proof of claim filed by a creditor is conceptually analogous to a civil complaint, an objection to the claim is akin to an answer or defense and an adversary proceeding initiated against the creditor that filed the proof of claim is like a counterclaim.").

Accordingly, Deutsche Bank was the "plaintiff," and Brosio, as objector to the POC, was in the role of "defendant." Deutsche Bank's abandonment of its claim for attorney's fees in the amended POC was akin to a voluntary dismissal, which prevented defendant Brosio from prevailing on her claim under CCC § 1717. See Ennis v. Mortgagetree Lending, Inc., 2010 WL 3341544, at *2 (E.D. Cal. Aug. 24, 2010)(plaintiff's abandonment of breach of contract claim before trial was akin to voluntary dismissal and precluded defendants from prevailing on their CCC § 1717 claim); Baldain v. Am. Home Mortg. Servicing, Inc., 2010 WL 2606666, at *6 (E.D. Cal. June 28, 2010)(because plaintiff voluntarily dismissed its TILA claim by declining to re-plead it in its amended complaint, defendant was not prevailing party on that claim under CCC § 1717); Dodson v. Pan Pac. Retail Props., Inc., 2003 WL 25656778,

-16-

at *1 (E.D. Cal. June 13, 2003)(holding that defendant was not prevailing party where plaintiff abandoned claim prior to trial)(citing Galan v. Wolfriver Holding Corp., 80 Cal.App.4th 1124, 1130 (2000)(when plaintiff has voluntarily dismissed a cause of action no prevailing party exists as a practical matter); Gilbert v. Nat'l Enquirer, Inc., 55 Cal.App.4th 1273, 1277-78 (1997)(same).

In short, we view the procedural posture of this case as follows. Deutsche Bank filed its POC (the complaint), and Brosio filed her Claim Objection (the answer). Deutsche Bank then filed an amended POC (an amended complaint) in which it abandoned its claim for attorney's fees. Brosio then, through her Fee Motion, contended that because Deutsche Bank amended its POC (complaint) removing the fee claim, she was the "winner" on the "action on the contract" and entitled to attorney's fees under CCC § 1717. Put this way, Brosio's Fee Motion makes little sense.[7] Further, to award fees to Brosio under these circumstances would be punishing Deutsche Bank for its gesture of civility in removing its claim for attorney's fees from the POC — a claim the bankruptcy court determined it was entitled to assert under Paragraph 9 of the DOT. We agree with that determination.

Brosio has complained that Deutsche Bank incurred attorney's fees only because it discretionarily elected to file an unnecessary proof of claim. Although secured creditors are not

---

[7] Counsel has "an obligation to consider the potential for recovery and balance the effort required against the results that might be achieved . . . . [A]n attorney must scale his . . . fee at least to the reasonably expected recovery." Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc., 924 F.2d 955, 961 (9th Cir. 1991). Billing judgment is mandatory.

-17-

required to file a proof of claim in a chapter 13 case, prudent creditors like Deutsche Bank are certainly entitled to file one to establish the amount they are owed according to their own calculations, rather than relying on the debtor's, and to receive distributions on an allowed claim under the provisions of a chapter 13 plan. See, e.g., In re Dumain, 492 B.R. 140, 143 (Bankr. S.D.N.Y. 2013); §§ 501, 502 and 1326(c); Rules 3002 and 3021. Further, by signing the DOT, Brosio agreed that Deutsche Bank could take reasonable actions to protect its security interest, particularly if she filed bankruptcy, and that she would pay Deutsche Bank's reasonable attorney's fees incurred for those actions. Preparing and filing the POC, reviewing Brosio's plan and filing a request for special notice, and charging a total of only $425.00 in attorney's fees, seems more than reasonable.

Because we conclude that the bankruptcy court did not err in determining Brosio was not the prevailing party, we need not reach Brosio's second issue about whether it erred in deciding her fees were not reasonable.

## VI. CONCLUSION

Although we have determined on a different legal basis why Brosio was not the prevailing party under CCC § 1717, because the bankruptcy court reached this same conclusion, we perceive no error in this case. Accordingly, we AFFIRM the Fee Order.[8]

---

[8] Deutsche Bank contends that Brosio's appeal is frivolous, and it requests attorney's fees on appeal. We decline to consider Deutsche Bank's request because it did not file a separate motion as required by Rule 8020. See Rule 8020; Garner v. Shier (In re Garner), 246 B.R. 617, 626 n.14 (9th Cir. BAP 2000).

-18-