**Order entered October 19, 2015**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-14-01562-CV

---

### QUICK CHANGE ARTIST, LLC, Appellant

### V.

### IRIS T. ACCESSORIES, Appellee

---

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-14118**

---

## ORDER

We **REINSTATE** this appeal.

On September 1, 2015, the Court abated this appeal after being informed that appellant had filed a petition for bankruptcy. *See* 11 U.S.C. § 362; Tex. R. App. P. 8.2. The automatic stay applies to the commencement or continuation of a proceeding against the debtor that was or could have been commenced before the bankruptcy petition was filed. *See* 11 U.S.C. § 362(a)(1). Only the bankruptcy court with jurisdiction over a debtor's case has the authority to grant relief from the stay of judicial proceedings against the debtor. *See Matter of Continental Airlines*, 928 F.2d 128, 129 (5th Cir. 1991).

Before the Court is appellant's motion to reinstate. Citing to Federal Rule of Bankruptcy Procedure 6009, appellant contends it can prosecute this appeal without prior court approval.

*See* Fed. R. Bankr. P. 6009. Rule 6009 provides that "[w]ith or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal." *See* Fed. R. Bankr. P. 6009. Rule 6009 does not trump the automatic stay provision found in section 362 of the Bankruptcy Code. *See Parker v. Bain*, 68 F.3d 1131, 1136 (9th Cir. 1995). Rather, its purpose is to ease a former requirement in the bankruptcy code that a trustee obtain authorization from the bankruptcy court before representing the debtor in a pending lawsuit. *See id.* The scope of rule 6009 extends only to litigation that is not subject to the automatic stay or to which the bankruptcy court has granted relief from the stay. *See id.* Accordingly, we **DENY** appellant's September 11, 2015 motion to reinstate the appeal.

We again **ABATE** this appeal. This appeal will be treated as a closed case. It may be reinstated on motion by any party showing that the stay has been lifted and specifying what further action, if any, is required from this Court. *See* TEX. R. APP. P. 8.3.

/s/    CAROLYN WRIGHT
        CHIEF JUSTICE