In re Sonya T. WASHINGTON, Debtor.

Sonya T. WASHINGTON, Plaintiff,

v.

NISSAN MOTOR ACCEPTANCE
CORPORATION, Defendant.

Bankruptcy No. 1–91–04504.
Adv. No. 93–1012.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Sept. 10, 1993.

Henry Acciani, Cincinnati, OH, for plaintiff.

T. Scott Bucey, Cincinnati, OH, for defendant.

Margaret A. Burks, Chapter 13 Trustee, Cincinnati, OH.

## DECISION

BURTON PERLMAN, Chief Judge.

Before the court is a complaint filed by Chapter 13 debtor Sonya T. Washington ("debtor") to avoid a lien asserted by defendant Nissan Motor Acceptance Corporation ("Nissan") pursuant to 11 U.S.C. § 1327(c). The parties submitted this matter to the court for decision based upon an agreed fact stipulation and memoranda.

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(A), (B), and (K).

We find the following facts. Debtor filed a Chapter 13 petition with this court on July 23, 1991. Nissan possesses a valid and perfected purchase money security interest in debtor's vehicle, a 1989 Nissan Sentra. Debtor's plan indicates that Nissan was listed as a secured creditor, and was to receive a monthly payment of $170.00 on account of its secured claim in the amount of $4,000.00. The unsecured portion of Nissan's claim was to be paid through the plan at the 70% distribution rate proposed for the payment of unsecured debts. Nissan filed an objection to the plan. The objection was resolved when Nissan and debtor entered into an agreement increasing to $4,437.50 the allowed secured claim of Nissan. Nissan then withdrew its objection. Nissan, however, failed to file a proof of claim in the case. The plan was confirmed on October 31, 1991. Debtor was issued a discharge and the case was closed on December 15, 1992. Nissan received no distribution under the plan.[1]

■ Debtor asserts that Nissan's lien must be avoided. Debtor argues that in view of Nissan's failure to file a proof of claim, avoidance of the lien results by oper-ation of 11 U.S.C. § 1327.[2] Debtor takes the position that confirmation determines the rights of the parties under the plan. Accordingly, argues debtor, since the plan provided for Nissan's claim, the lien held by Nissan must be canceled under § 1327(c), which states that property vested upon confirmation to debtor under § 1327(b) reverts to debtor free and clear of any "claim or interest" of Nissan, the creditor. Further, debtor argues that the rights of the creditors and debtor are governed by the plan pursuant to § 1327(a), and that the plan, in paragraph 2, provides for the cancellation of liens of secured creditors who have not filed claims.[3]

These arguments, however, cannot avail debtor. The Bankruptcy Code at 11 U.S.C. § 506(d)(2) provides expressly to the contrary. The Code there says:

\*     \*     \*     \*     \*     \*

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

\*     \*     \*     \*     \*     \*

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

Debtor cannot escape this express statutory language by including a contrary provi-

---

1. We note that debtor's plan was scheduled to be paid $8,800 over 40 months. Instead, since Nissan received no payment under the plan, the plan was paid out within 15 months.

2. Section 1327, entitled "Effect of confirmation", provides:
    (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.
    (b) Except as otherwise provided in the plan or in the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.
    (c) Except as otherwise provided in the plan or the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

3. Paragraph 2 of the plan provides in relevant part:
    "The debts of the debtor, duly proved and allowed, shall be paid to the holder thereof in accordance with the provisions of the Bankruptcy Code and this Plan. Secured creditors who have been duly scheduled as creditors in the Plan, shall, upon payment of the amount allowed by the Court as a secured claim in the Wage Earner Plan, or creditors who have not filed a claim as provided by law be deemed to have their full secured interest satisfied and shall cancel any mortgage on debtor's property which was in existence at the time of the filing of the plan or the Court may order cancellation of same.... Secured creditors shall retain their security interest in their collateral until the amount of their allowed secured claim has been fully paid or until debtor has been discharged."

sion in her plan. Nor can a general provision such as § 1327(c) vitiate the express language of § 506(d)(2).

Our holding is consistent with a long line of cases consistent with § 506(d)(2). They hold that liens pass through bankruptcy unaffected. *See, e.g., Dewsnup v. Timm,* — U.S. —, —, 112 S.Ct. 773, 778–79, 116 L.Ed.2d 903 (1992); *Long v. Bullard,* 117 U.S. 617, 620–21, 6 S.Ct. 917, 918, 29 L.Ed. 1004 (1886); *In re Thomas,* 883 F.2d 991, 997 (11th Cir.1989), *cert. denied,* 497 U.S. 1007, 110 S.Ct. 3245, 111 L.Ed.2d 756 (1990) (lien survives in Chapter 13 case even where no proof of claim was filed).

 As an additional basis for decision reinforcing our conclusion above, we hold that the order and the objection to confirmation filed and withdrawn by Nissan pursuant to that order constitute an informal proof of claim. *See, In re Benedict,* 65 B.R. 95, 96 (Bankr.N.D.N.Y.1986) (objection to confirmation of Chapter 13 plan constituted informal proof of claim). Nissan therefore has an allowed claim for $4,437.50 as set forth in the foregoing order. While we agree with debtor that generally a formal claim must eventually be filed for an informal proof of claim to be valid, *see, e.g., In re Malkove & Womack, Inc.,* 134 B.R. 965, 971 (Bankr.N.D.Ala. 1991) (citing *Biscayne 21 Condominium Ass'n., Inc. v. South Atlantic Fin. Corp.,* 767 F.2d 814, 819 (11th Cir.1985)), *cert. denied,* 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986), it would be overly technical to hold that Nissan did not possess a valid proof of claim under the circumstances presented in this proceeding. It is incontrovertible that debtor was fully aware of the exact amount of Nissan's claim and Nissan's intent to hold debtor liable on the claim pursuant to the order containing Nissan's withdrawal of its confirmation objection and the accompanying upward adjustment of its allowed secured claim. *In re Chicoine,* 97 B.R. 30, 31 (Bankr.D.Mont.1988). Moreover, as Nissan observes, debtor could have filed a proof of claim under § 501(c) of the Code and Bankruptcy Rule 3004 to avoid the issue presented in this adversary proceeding.

As for the unsecured portion of Nissan's claim, we accept Nissan's waiver of that claim as it appears in its memorandum-in-chief at p. 2, n. 1. Indeed, efforts to seek payment on account of such claim after all plan payments have been disbursed over a 15–month period would be barred by laches. *Cf. In re Vlavianos,* 71 B.R. 789, 795 (Bankr.W.D.Va.1986) (IRS barred by laches where it delayed amending proof of claim for two and one-half years; at time of amendment, all Chapter 13 payments had been made).

In sum, we hold that plaintiff cannot avoid Nissan's lien on the Nissan Sentra. We hold, however, that Nissan's unsecured claim stemming from the Nissan Sentra purchase transaction is discharged.