### In re Robert Allen LEIS and Connie Mae Leis, Debtors.

### Bankruptcy No. 95–30991.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

April 17, 1996.

Randy L. Reeves, Lima, Ohio, for Debtors.

Douglas Mesi, John P. Boland, Cleveland, Ohio, for Resort Properties, Inc.

Anthony B. DiSalle, Standing Chapter 13 Trustee, Toledo, Ohio.

## MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing on the Debtors' Objection to Claim of Resort Properties, Inc. At the Hearing, the Court directed the parties to file post-Hearing briefs in support of their positions. In accordance with the Court's Order, the parties have filed post-Hearing briefs. This Court has reviewed the arguments of coun-sel, exhibits, and the entire record in the case. Based upon that review, and for the following reasons, the Court finds that Resort Properties, Inc. shall be allowed to amend its proof of claim in accordance with this Opinion, and that the Debtors' Objection to Claim shall be continued. This Court further finds that the provisions of the Confirmed Chapter 13 Plan do not bind the creditors in this case.

## FACTS

On April 25, 1995, Debtors filed their Chapter 13 petition. However, Debtors did not file their bankruptcy schedules or Chapter 13 plan along with the petition. On May 8, 1995, this Court sent notice to all creditors of the Bankruptcy petition. This notice stated that the meeting of creditors and confirmation hearing were scheduled for June 8, 1995. The notice also stated that objections to the plan shall be filed prior to the confirmation hearing, and that the Debtors' schedules and plan were not yet filed.

According to Bankruptcy Rule 3015(b), Debtors' Chapter 13 plan must be filed within fifteen days of the petition date. As of May 15, 1995, the Debtors had not yet filed a plan, and this Court issued an Order to Show Cause as to why the Chapter 13 petition should not be dismissed for want of prosecution. On May 22, 1995, the Debtors filed their Chapter 13 Plan and bankruptcy schedules. Debtors did not file a motion to continue the confirmation hearing, and it went forward on June 8, 1995. The Debtors' plan was subsequently confirmed.

On August 11, 1995, Resort Properties, Inc., filed a proof of claim in the amount of Twelve Thousand Three Hundred Ten and 91/100 Dollars ($12,310.91), claiming the entire amount as unsecured. This was prior to the September 6, 1995, bar date for filing proofs of claims. Resort Properties, Inc. was not listed as a creditor in the Debtors' bankruptcy schedules. However, the claim Resort Properties asserts is related to the claim of French Lick Villa, which was listed as a secured creditor in the Debtors' schedules. Further, Debtors' confirmed Chapter 13 plan contained a provision in the secured creditor's section which explicitly deals with this

debt. The provision states, "FRENCH LICK VILLA is secured by a mortgage on Debtors' time share. The Debtors will quitclaim their interest in said time share in satisfaction of the claim." Debtors have quitclaimed their interest to French Lick Villa in accordance with this provision.

On September 7, 1995, one day after the bar date, the Debtors objected to the Resort Properties' claim. A Hearing was held, and the matter is now decisional.

## LAW

The Bankruptcy Code, 11 U.S.C. § 101 et seq., provides in pertinent part:

**11 U.S.C. § 1327. Effect of Confirmation**

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

The Bankruptcy Rules provide in pertinent part:

**Rule 2002. Notices to Creditors, Equity Security Holders, United States, and United States Trustee**

**(b) TWENTY–FIVE–DAY NOTICES TO PARTIES IN INTEREST.** Except as provided in subdivision (1) of this rule, the clerk, or some person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 25 days notice by mail of (1) the time fixed for filing objections and the hearing to consider approval of a disclosure statement; and (2) the time fixed for filing objections and the hearing to consider confirmation of a chapter 9, chapter 11, or chapter 13 plan.

**Rule 3001. Proof of Claim**

**(a) FORM AND CONTENT.** A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form.

**(b) WHO MAY EXECUTE.** A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005.

**(c) CLAIM BASED ON A WRITING.** When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

**(d) EVIDENCE OF PERFECTION OF SECURED INTEREST.** If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected.

**Rule 3015. Filing, Objection to Confirmation, and Modification of a Plan in a Chapter 12 Family Farmer's Debt Adjustment or a Chapter 13 Individual's Debt Adjustment Case**

**(b) CHAPTER 13 PLAN.** The debtor may file a chapter 13 plan with the petition. If a plan is not filed with the petition, it shall be filed within 15 days thereafter, and such time may not be further extended except for cause shown and on notice as the court may direct. If a case is converted to chapter 13, a plan shall be filed within 15 days thereafter, and such time may not be further extended except for cause shown and on notice as the court may direct.

## DISCUSSION

Determinations concerning the allowance or disallowance of claims against the estate are core proceedings pursuant to 28 U.S.C. § 157. Thus, this case is a core proceeding.

The Debtors object to the claim filed by Resort Properties on two grounds. First, they argue that the claim is defective on its face for a number of reasons. Primarily, Debtors argue that Resort Properties is not a creditor of the estate, but rather a collection agency of the creditor. Other deficiencies include the lack of the creditor's address, supporting documentation, and the date the debt was incurred.

The Debtors' second argument concerns the finality of a their confirmed Chapter 13 plan. The Debtors' Chapter 13 plan provides that the debt in question in this case, to

French Lick Villa, will be satisfied upon the Debtors' surrender of the collateral, which the Debtors have done. Thus, because neither French Lick Villa or Resort Properties objected or appealed the plan's confirmation, the Debtors argue that Resort Properties is bound by the plan and the doctrine of res judicata.

Resort Properties makes a plethora of arguments supporting its proof of claim. First, Resort Properties argues that the Debtors' plan could not properly surrender the underlying collateral in satisfaction of a secured claim without first proving that the collateral was of comparable value to the claim. Further, Resort Properties argues that Debtors lacked good faith in doing so. Resort Properties also argues that the terms of the plan were ambiguous as to whether the creditor would be denied any unsecured claim for the deficiency of its secured claim. That is, the plan did not put them on notice that the Debtors intended to deny them the opportunity to assert an unsecured claim to the extent the collateral does not fully satisfy the secured claim. Resort Properties also argues that the plan is ambiguous, and that as drafters of the plan, any ambiguity should be interpreted against the Debtors. Resort Properties cite *In re Fawcett*, 758 F.2d 588 (11th Cir.1985) in support of their contention that as the drafters of the plan, any ambiguity should be construed against the Debtors.

Resort Properties also argues that the claims bar date had not yet passed before the confirmation of the plan, and that they indeed filed a timely proof of claim. Thus, Resort Properties asserts that the Debtors' confirmed plan cannot operate to shorten the bar date for filing proofs of claim.

■ Finally, Resort Properties argues that they did not receive adequate notice and time to object to the Chapter 13 plan. This is because the confirmation occurred in less than the twenty-five day time frame provided for under Bankruptcy Rule 3015(b). In support of the contention that creditors must receive adequate notice to be bound by a confirmed plan under the doctrine of res judicata, Resort Properties cites *In re Linkous*, 990 F.2d 160 (4th Cir.1993) (Chapter 13 plan summary provided to secured creditor

which did not provide notice of valuation hearing deprived creditor of due process rights), and *In re Calvert*, 907 F.2d 1069 (11th Cir.1990) (Mere notice that a Bankruptcy Court will hold a confirmation hearing did not put secured creditor on notice that its collateral would be valued at the same time, even though notice stated that the Court may on its own motion receive evidence as to the value of collateral of secured claims).

This Court agrees with Resort Properties' argument that there was not sufficient notice given to the confirmation of the Debtors' plan, and therefore creditors cannot be bound by it. In this case the Debtors had not timely filed a plan pursuant to Bankruptcy Rule 2002(b), and a show cause order had been issued. Though this Court allowed the Debtors to continue to file a plan, the Debtors did not become aware that their mistake in not timely filing the Chapter 13 plan worked to unfairly shorten the time in which creditors could object to the plan before the confirmation hearing. Debtors finally filed their Chapter 13 plan on May 22, 1995. The confirmation hearing, routinely scheduled shortly after the Debtors' petition was filed, was set for June 8, 1995. Bankruptcy Rule 2002(b) clearly states that creditors shall be provided a full twenty-five days to object to a Chapter 13 plan. Resort Properties was clearly denied the full twenty-five days.

Nor could the Debtors argue that Resort Properties did not object within the twenty-five days after the filing of the plan, and that the time for objecting should be considered to run past the confirmation hearing date in this case. Rule 2002(b) states that creditors should *receive notice of the time fixed* for filing objections and the confirmation hearing, and that this time should be not less then the prescribed twenty-five days. Resort Properties received no such notice of the fixing of such a time. The only notice of a time for filing objections received by Resort Properties was that of the original notice sent by this Court which gave the creditor until June 8, 1995, to object. Thus, even if this Court were to find that Resort Properties actually had twenty-five days from the time the plan was actually filed, and did not

timely object, this alone would not satisfy the 2002(b) notice requirement.

Further, Rule 2002(b) states that creditors shall receive the prescribed twenty-five notice of the time fixed for filing objections *and the confirmation hearing.* It would run counter to this rule to give the creditor twenty-five days notice of the confirmation hearing without twenty-five days notice of the plan subject to confirmation at the hearing. For these reasons this Court finds that the notice was insufficient to bind creditors in this case, and the doctrine of res judicata cannot bind Resort Properties, French Lick Villa, or any creditor to the Debtors' confirmed plan.

■ Because the resolution of the notice issue resolves the issue of res judicata in this case, this Court will not address Resort Properties' other arguments concerning the binding nature of the confirmed plan. However, this Court will note that it agrees with Resort Properties' reliance on *Fawcett,* that generally the debtors will bear the burden of any ambiguity in plan which they draft. *In re Fawcett,* 758 F.2d at 591. See also *In re Terex Corp.,* 984 F.2d 170, 174–75 (6th Cir. 1993), citing *In re Fawcett,* 758 F.2d at 591 and *In re Arrow Air Inc.,* 101 B.R. 332, 335 (S.D.Fla.1989); *In re Harstad,* 155 B.R. 500, 510–11 (Bankr.D.Minn.1993) citing *In re Adelman,* 97 B.R. 569, 572 (Bankr.D.S.D. 1988); *Chauffeurs, Teamsters and Helpers, Local 238 v. C.R.S.T., Inc.,* 795 F.2d 1400, 1406 (8th Cir.), *cert. denied,* 479 U.S. 1007, 107 S.Ct. 647, 93 L.Ed.2d 702 (1986); *Premier Resources Ltd. v. Northern Natural Gas Co.,* 616 F.2d 1171, 1178 (10th Cir.1980); *Restatement (Second) of* Contracts § 206 (1979), and *In re Stratford of Texas, Inc.,* 635 F.2d 365, 368 (5th Cir.1981).

■ Though Resort Properties will not be bound by the Debtors' Chapter 13 plan in this case, this Court nevertheless finds it necessary to address Debtors' objections to the form of Resort Properties proof of claim. Debtors rely on Bankruptcy Rule 3001 in asserting that Resort Properties' proof of claim is invalid on its face. However, Rule 3001 has to be understood in light of the longstanding rule in case law that many filings which do not even purport to be proofs of claim may nevertheless be considered informal proofs of claim which can later be amended after the bar date with a more appropriate form as requirement by Rule 3001. *In re McCoy Management Services, Inc.,* 44 B.R. 215 (Bankr.W.D.Kent.1984); *In re Sambo's Restaurants, Inc.,* 754 F.2d 811 (9th Cir.1985); *In re Thornlimb,* 37 B.R. 874 (Bankr.D.R.I.1984); *In re Sullivan,* 36 B.R. 771 (Bankr.E.D.N.Y.1984); *In re Joiner,* 93 B.R. 130 (Bankr.N.D.Ohio 1988); *In re Butterworth,* 50 B.R. 320 (W.D.Mich.1984); *In re Washington,* 158 B.R. 722 (Bankr.S.D.Ohio 1993); *In re Dietz,* 136 B.R. 459 (Bankr. E.D.Mich.1992).

This case, however, presents a unique situation. Though Resort Properties' claim clearly states an intention to hold the Debtors liable, and is in writing, it is yet to be seen whether Resort Properties is actually a creditor, or is even somehow in privity with a creditor. Debtors assert that Resort Properties is not even the legal owner of a claim against the estate. Further, it is unclear from a reading of Rule 3001 whether an authorized collection agent may pursue a claim in its own name, though the Rule does allow that a proof of claim may be authorized by a creditor's "authorized agent." However, in light of the liberal allowance of informal proofs of claim evident in the case law, this Court will provide Resort Properties the opportunity to amend its proof of claim with supporting documentation as to its propriety as a creditor in this case, as well as the factual basis for the amount of its claim.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that the Debtor's Objection to Claim of Resort Properties, Inc. be, and is hereby, *CONTINUED* to May 1, 1996 at 2:30 P.M. in Courtroom # 2.

It is **FURTHER ORDERED** that on or before April 26, 1996, Resort Properties, Inc. shall file with this Court and the Debtors an amended proof of claim providing the basis for its ownership of the claim at issue in this

case, or proof of its right as an authorized agent to pursue this claim. The amendment shall also amend or clarify the amount claimed.