NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re:                                    ) BAP No. CC-11-1436-PaDH
                                          )
THE YUCCA GROUP, LLC,                     ) Bankr. No. 10-12079-GM
                                          )
                Debtor.                   )
_____ )
                                          )
FORWARD PROGRESS MANAGEMENT REAL          )
ESTATE, INC.,                             )
                                          )
                Appellant,                )
                                          )
v.                                        ) **M E M O R A N D U M**[1]
                                          )
THE YUCCA GROUP, LLC,                     )
                                          )
                Appellee.                 )
_____ )

Argued and Submitted on May 17, 2012
at Pasadena, California

Filed - June 8, 2012

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Geraldine Mund, Bankruptcy Judge, Presiding

Appearances:    Anthony J. Rothman argued for appellant Forward
                Progress Management Real Estate, Inc.; Jerome
                Bennett Friedman argued for appellee The Yucca
                Group, LLC.

Before: PAPPAS, DUNN and HOLLOWELL, Bankruptcy Judges.

_____

[1] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may have
(see Fed. R. App. P. 32.1), it has no precedential value. See 9th
Cir. BAP Rule 8013-1

-1-

Creditor Forward Progress Management Real Estate, Inc. ("FPM") appeals the order of the bankruptcy court disallowing FPM's proof of claim filed in The Yucca Group LLC's ("Yucca") chapter 11[2] bankruptcy case. The bankruptcy court relied on two separate grounds for its decision: that, under the peculiar facts of this case, a complaint in an adversary proceeding by FPM against Yucca did not constitute an informal proof of claim; and, that FPM failed to show that its failure to timely file a proof of claim was the result of its excusable neglect.

We REVERSE that portion of the bankruptcy court's order concluding that FPM had not presented an adequate informal proof of claim. We AFFIRM the bankruptcy court's determination that FPM's failure to timely file a proof of claim was not occasioned by excusable neglect.

**FACTS**

Yucca is a California limited liability company; its single purpose is to hold unsold units of a condominium complex located on Yucca Street in Los Angeles (the "Yucca Property"). Two of the managers and members of Yucca, Gabriel Tauber ("Tauber") and Avishay Weinberg ("Weinberg"), are also managers and members of another real estate holding company, The Whitley Investment Group, LLC ("Whitley"). Whitley owned a separate property ("Whitley Property"), also in Los Angeles.

In November 2007, Tauber and Weinberg entered into a loan agreement with FPM (the "Loan Agreement"). In it, FPM agreed to

---

[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

extend credit to Whitley in the sum of $400,000. To collateralize the loan, Weinberg and Tauber granted FPM a security interest in 50 percent of their membership interests in Yucca. The Loan Agreement also provided that FPM would receive a deed of trust on the Whitley Property.

Whitley failed to repay the loan by its maturity date of February 8, 2007. After FPM declared a default under the Loan Agreement, at Whitley's request, FPM agreed to enter into a Forebearance, Waiver and Modification Agreement (the "Forebearance Agreement"), in which FPM agreed to forebear collection for set times in exchange for payments of additional fees. After continued defaults under the Forebearance Agreement, FPM caused the trustee under the deed of trust to record a notice of default as to the Whitley Property trust deed on June 13, 2008. The same day, FPM commenced a civil action against Whitley, Weinberg and Tauber in the California Superior Court.[3]

On a date not clear in the record, to avoid the foreclosure sale, Whitley, Weinberg, Tauber and (for the first time) Yucca entered into an amendment to the Forebearance Agreement ("Amendment One"). Under Amendment One, Yucca, Whitley, Weinberg and Tauber agreed that if the Whitley Property were sold at a loss under the Loan Agreement, FPM could demand that the other parties execute and record a deed of trust on two condominium units in the Yucca Property.

Over the next two years, FPM alleges that there were continuing defaults, a foreclosure sale of the Whitley Property, a

_____

[3] While the parties generally agree to the facts set forth thus far, from this point on, there is little agreement.

-3-

failure by Whitley, Yucca, Weinberg and Tauber to honor their commitments to sign and record deeds of trust on the two Yucca condominium units, and a failure to pay the remaining debts owed under the parties' agreements.

On January 15, 2010, FPM commenced another civil action against Tauber, Weinberg and, this time, Yucca, in state court. The complaint sought an order awarding FPM an equity interest in Yucca, and $400,000 in damages for breach of contract by Yucca and the other parties under the Loan Agreement and Forebearance Agreements. <u>Forward Progress Mgmt. Real Estate, Inc. v. The Yucca Group, LLC, et al.</u>, case no. BC414337 (Superior Court, County of Los Angeles). In addition, on February 22, 2010, FPM filed an involuntary chapter 11 bankruptcy petition against Yucca. In that petition, FPM asserted it held a secured and unsecured claim against Yucca of $691,016.26.[4]

Apparently in response, Yucca filed its own chapter 11 petition on February 24, 2010. On its Schedule F and Statement of Financial Affairs, Yucca listed the contingent, unliquidated, and disputed claim of FPM for the lawsuit, and it listed the amount of the debt as $300,000.

The parties to this appeal agree that FPM was extremely active in many aspects of Yucca's bankruptcy case. Indeed, a review of the docket in the bankruptcy case shows FPM filed twenty-three different pleadings in connection with a variety of

---

[4] It is not clear why this number is so much greater than the $400,000 claimed in the state court action. Based on the later declaration of FPM's president, William Ruvelson ("Ruvelson"), this higher number may have included the value of FPM's alleged 50 percent equity interest in Yucca.

-4-

proceedings in the bankruptcy court. Among those were pleadings asserting that FPM was both an owner of an equity interest in Yucca, and that it was a secured creditor. In addition, on March 26, 2010, Yucca caused the state court action to be removed to the bankruptcy court as an adversary proceeding, and thereby, the pleadings filed thus far in that suit became matters of record in the bankruptcy court.

Although FPM filed various motions in the bankruptcy case and adversary proceeding, including a request that the bankruptcy court appoint a chapter 11 trustee, according to a Joint Status Report filed in the adversary proceeding on November 30, 2010, "A settlement agreement has been reached with The Yucca Group, LLC and [FPM]. . . . Pursuant to an agreement with The Yucca Group, LLC, [FPM] will be filing a stipulation dismissing The Yucca Group, LLC from the adversary proceeding with prejudice."

On December 8, 2010, Yucca filed a motion to set a bar date for creditors to file proofs of claim in the bankruptcy case. The bankruptcy court granted this motion and entered an order on January 10, 2011, fixing the deadline for filing proofs of claim as February 15, 2011. Yucca served copies of the bar date order on all parties, including FPM and its counsel. However, it failed to serve a "notice" of the bar date order on anyone.

On January 18, 2011, the bankruptcy court conducted a continued status conference in the bankruptcy case and adversary proceeding. No transcript of this conference was included in the excerpts of record, nor does one appear in the bankruptcy court's dockets. However, there are several indirect sources of information about the events at that conference in the record.

The bankruptcy court had issued a tentative ruling prior to the status conference, also on January 18. Apparently referencing its tentative ruling from a similar conference held on December 14, 2010, the court queried the parties: "Per the joint status report [of November 30, 2010, FPM] will be dismissing the Yucca Group from the complaint. The only other defendants in this removed action were "Does." Does the plaintiff wish it remanded or merely dismissed?" Tentative Ruling, January 18, 2011.

In addition, according to FPM's brief in this appeal, at the status conference "the Court stated that FPM could not obtain control of the Debtor by asserting the Equity Causes of Action in the Adversary Proceeding." Op. Br. at 12.

Because we do not have a copy of the transcript, we are unable to determine what other actions or discussions may have occurred at the January 18, 2011 conference. However, on January 28, 2011, the bankruptcy court entered an "Order Dismissing Adversary Proceeding Against the Yucca Group, LLC, Marcus Kimman, Gabriel Tauber and Avishay Weinberg." The order, prepared by counsel for FPM, provides that the dismissal of the FPM adversary proceeding against Yucca was "without prejudice," and "all defendants having been dismissed, the adversary proceeding is closed."

Nine days after the claims bar date, on February 24, 2011, FPM filed two proofs of claim, numbers 12 and 13. In Claim 12, FPM asserted an unsecured claim for $942,428.13. Claim 13 was later dismissed by stipulation of the parties as duplicative.

Yucca objected to, and sought the disallowance of, Claim 12 on March 31, 2011, because it was late filed. FPM responded to

the objection on April 18, 2011, generally arguing that Yucca failed to follow local rules on objections to claims and asserting that Yucca had not provided a notice of the bar date to FPM.

The bankruptcy court conducted hearings on Yucca's objection to FPM's claim on May 3, June 7, and July 26, 2011. At the May 3 hearing, addressing FPM's argument that it had not been properly served with notice of the bar date according to the local rules, the bankruptcy court ruled that any violations of local rules were waived by the bankruptcy court. Further, the court noted that Ruvelson, the president of FPM, was physically present in the courtroom when the bankruptcy court set the bar date, and FPM thereby had actual notice of the bar date. Finally, the court observed that FPM's attorneys had been served with copies of the bar date order. However, on its own initiative, the bankruptcy court advised FPM that an adversary proceeding, under some circumstances, could constitute an informal proof of claim. When counsel for FPM indicated that he was not prepared to discuss whether FPM satisfied the requirements for an informal proof of claim, the bankruptcy court continued the hearing to June 7, 2011.

Before the hearing on June 7, 2011, the bankruptcy court issued a tentative ruling. As to FPM's argument that the notice of the bar date was inadequate, the court repeated its earlier finding that FPM had actual notice of the bar date. Regarding whether FPM qualified for an informal proof of claim, the court stated:

> It would seem that the state court complaint, removed to this court by Debtor, is an explicit demand showing the nature and amount of the claim and even shows FPM's intent to hold Debtor liable and would constitute an informal proof of claim, but for the fact that the

-7-

adversary proceeding was dismissed by FPM at the Status Conference on January 18, 2011. It is not as if FPM asked for leave to amend their Complaint; instead, they dismissed their complaint, did not file a new complaint nor a proof of claim. This gave the appearance that they were withdrawing their claim against the Debtor. If the filing of the complaint can show an intent to hold Debtor liable, it would also seem that the dismissal of said complaint, coupled with no other action on the part of the creditor, shows a lack of intent to hold Debtor liable for a debt. Or, at the very least, is so ambiguous as to what the creditor intends that it does not clearly show an intention to hold the debtor liable and therefore does not meet the elements to constitute an informal proof of claim.

Tentative Ruling, June 7, 2011 at 2.

Finally, addressing whether FPM's late filing of Claim 12 might be allowed as the result of excusable neglect, the bankruptcy court discussed the factors outlined by the Supreme Court in Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993), as amplified by the Ninth Circuit in Pincay v. Andrews, 389 F.3d 853, 855-56 (9th Cir. 2004) (en banc). After applying the Pioneer/Pincay factors, the court concluded that excusable neglect did not apply.

After hearing from counsel at the hearing, the bankruptcy court adopted its tentative ruling. But as to the excusable neglect question, the court offered FPM a continuance to provide additional evidence to show excusable neglect, because it was especially interested in considering any declarations FPM might submit from the FPM attorneys explaining why Ruvelson was not advised of consequences flowing from failure to submit the claim by the bar date.

FPM accepted the bankruptcy court's offer of a continuance. But rather than comply with the instructions of the court to submit detailed declarations, on June 21, 2011, FPM submitted

-8-

another declaration of Ruvelson stating only that "I was advised and subsequently it was decided that for the purposes of collecting money, that there was no need to continue the lawsuit, but that a claim would suffice." Ruvelson does not give the name of the attorney who gave him that advice.

Before the continued hearing on July 26, 2011, the bankruptcy court issued yet another tentative ruling:

> Claimant has filed the supplemental declaration of William Ruvelson. Although somewhat confusing, the basic story told is that he was not looking to be paid, but to take over the company. When it became obvious that this would not happen, he thought about being paid. Although he had actual notice of the bar date, he assumed that his lawyers were doing whatever was necessary to protect him. But obviously they did not. There are no declarations from the lawyers. Debtor interprets this to mean that there was a decision not to timely file a proof of claim or at least not to file one so long as the plan to take over the company was feasible. However, from the court's prospective, it could just as easily be that the lawyers do not want to expose themselves to a malpractice claim and hope that the court will excuse the late filing of the claim. These cases are always difficult. Statuettes of limitations have to have some meaning. In this case, but for the dismissal of the complaint prior to the bar date, the court would find that the complaint was an informal proof of claim. But the dismissal did take place and the result is as described below.
>
> SUSTAIN THE OBJECTION TO CLAIM #12 IN THAT THE CLAIM WAS NOT TIMELY FILED.

FPM did not appear at the continued hearing.[5] At the hearing, the bankruptcy court ruled, "per the tentative ruling as placed on the docket, that the objection [to claim 12] is sustained."

The bankruptcy court entered its order sustaining Yucca's

---

[5] We have carefully examined the record and briefs and cannot find any explanation by FPM or its counsel why it failed to comply with the bankruptcy court's request for evidence from FPM's counsel.

-9-

objection to FPM's claim 12 on August 1, 2011. FPM filed this timely appeal on August 12, 2011.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). The Panel has jurisdiction under 28 U.S.C. § 158.

**ISSUES**

Whether the bankruptcy court erred in finding that FPM did not have a valid informal proof of claim.

Whether the bankruptcy court abused its discretion in finding that FPM's late filing of its claim was not the result of excusable neglect.

**STANDARDS OF REVIEW**

Whether a valid informal proof of claim exists in a bankruptcy case is a question of law reviewed de novo. Pac. Resource Credit Union v. Fish (In re Fish), 456 B.R. 413, 417 (9th Cir. BAP 2011). De novo review requires the Panel to independently review an issue, without giving deference to the bankruptcy court's conclusions. See Cal. Franchise Tax Bd. v. Wilshire Courtyard (In re Wilshire Courtyard), 459 B.R. 416, 423 (9th Cir. BAP 2011) (citing First Ave. W. Bldg., LLC v. James (In re Onecast Media, Inc.), 439 F.3d 558, 561 (9th Cir. 2006)).

We review the bankruptcy court's decision declining to find excusable neglect for the late filing of a claim for abuse of discretion. Pincay v. Andrews, 389 F.3d at 858. In applying an abuse of discretion test, we first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." United States v. Hinkson, 585 F.3d 1247,

-10-

1262 (9th Cir. 2009) (en banc). If the bankruptcy court identified the correct legal rule, we then determine whether its "application of the correct legal standard [to the facts] was (1) illogical, (2)implausible, or (3) without support in inferences that may be drawn from the facts in the record." Id. (internal quotation marks omitted). If the bankruptcy court did not identify the correct legal rule, or its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record, then the bankruptcy court has abused its discretion. Id.

**DISCUSSION**

**I.**

**The bankruptcy court erred in ruling that FPM
did not have an informal proof of claim.**

In this case, it is undisputed that FPM filed no formal proof of claim prior to the expiration of the deadline set by the bankruptcy court. However, FPM argues that the bankruptcy court should have decided that it had timely submitted an informal proof of claim. Reviewing the record de novo, we agree with FPM.

The informal proof of claim doctrine has been long recognized in the Ninth Circuit. In re Fish, 456 B.R. at 417. It is an extension of the "so-called rule of liberality in amendments to creditors' proofs of claim so that the formal claim relates back to previously filed informal claim." In re Holm, 931 F.2d 620, 622 (9th Cir. 1991) (quoting In re Anderson-Walker Indus., Inc., 798 F.2d 1285, 1287 (9th Cir. 1986). Simply stated, "for a document to constitute an informal proof of claim, it must state

-11-

an explicit demand showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable." 931 F.2d at 622 (quoting In re Sambo's Restaurants, Inc., 754 F.2d 811, 815 (9th. Cir. 1985)).

Over the years, numerous types of documents and pleadings have been deemed adequate by the Ninth Circuit to constitute an informal proof of claim. See In re Holm, 931 F.2d at 622-23 (a disclosure statement); In re Pizza of Hawaii, 761 F.2d 1374, 1381-82 (9th Cir. 1985) (a complaint for relief from the automatic stay with attachments); In re Sambo's Restaurants, Inc., 754 F.2d at 815-16 (a complaint removed from state court); County of Napa v. Franciscan Vineyards (In re Franciscan Vineyards), 597 F.2d 181, 182-83 (9th Cir. 1979) (a letter to a bankruptcy trustee, even though it had not been filed with the bankruptcy court); Sun Basin Lumber Co. v. United States, 432 F.2d 48 (9th Cir. 1970) (an objection to trustee's petition to sell property). The oft-cited elements required under Ninth Circuit case law to establish a valid informal proof of claim are:

      (1) presentment of a writing;
      (2) within the time for the filing of claims;
      (3) by or on behalf of the creditor;
      (4) bringing to the attention of the court;
      (5) the nature and amount of a claim asserted against the estate.

In re Edelman, 237 B.R. at 150.

In this appeal, the bankruptcy court found that FPM initially had met the case law requirements for establishing an informal proof of claim: "It would seem that the state court complaint, removed to this court by Debtor, is an explicit demand showing the nature and amount of the claim and even shows FPM's intent to hold

-12-

Debtor liable and would constitute an informal proof of claim[.]" Tentative Ruling, June 7, 2011, at 2. We concur with the bankruptcy court's conclusion because, as the record and evidence show, the adversary proceeding pleadings, including FPM's complaint against Yucca and the others, were: (1) presented to the court; (2) within the time for filing of claims; (3) by the creditor FPM; (4) bringing to the attention of the court; (5) the nature and amount of claim asserted against the estate.[6]

Despite the contents of the adversary proceeding file, however, the bankruptcy court found that, because the adversary proceeding had been dismissed, FPM's pleadings could not constitute an informal proof of claim. As it noted in its last tentative ruling: "In this case, but for the dismissal of the complaint prior to the bar date, the court would find that the complaint was an informal proof of claim. But the dismissal did take place and the result is [denial of the claim.]". It is with this conclusion that we part company with the bankruptcy court.

First, while FPM admittedly decided to forego its claim to an equity interest in Yucca, there is nothing definitive in the record to show that, by dismissal of the adversary proceeding, FPM intended to abandon its claims against Yucca for breach of the loan contracts as alleged in its complaint. According to the bankruptcy court, FPM had stated in its status report of November 30, 2010, that it had reached an agreement with Yucca, and would thereafter submit a stipulation dismissing Yucca from

_____

[6] Moreover, while it did not, the bankruptcy court could have also found these elements were satisfied by the many other pleadings and submissions made by FPM in the bankruptcy case urging its position, or opposing positions taken by Yucca.

-13-

the adversary proceeding <u>with prejudice</u>. However, as near as we can tell, no stipulation for the dismissal of Yucca with prejudice was ever submitted to the bankruptcy court before the court entered the order dismissing the adversary proceeding. While FPM submitted notices of dismissal to the bankruptcy court on January 10 and 18, those notices sought dismissal only of the claims asserted against defendants United Commercial Bank, East West Bank and Josef Mamaliger. Moreover, the actual order submitted by FPM and executed by the bankruptcy court dismissing the adversary proceeding against Yucca expressly provided that the dismissal was <u>without prejudice</u>. The state of the record is therefore, at best, equivocal, in this regard.

Second, the bankruptcy court decided that, if the removal of the state court complaint to the bankruptcy court by FPM showed an intent to hold Yucca liable, then dismissal of that complaint must necessarily show Yucca's lack of intent to do so. However, this conclusion is at odds with the case law that holds that withdrawal of a filing constituting an informal proof of claim does not negate the intent to hold a debtor liable for a debt. For example, in <u>In re Silas</u>, 2006 Bankr. LEXIS 1162 at *6-7 (Bankr. D.S.C. 2006), the creditor, DaimlerChrysler, had objected to confirmation of Silas' chapter 13 plan, but later withdrew that objection. When its withdrawal of the objection was offered to defeat its right to assert an informal proof of claim, the bankruptcy court rejected the argument:

> In DaimlerChrysler's Objection to Debtors' proposed plan, it asserted that the total debt owed on the vehicle was $ 12,840.84. The Court believes that the Objection meets the requirements for an informal proof of claim. . . . The voluntary withdrawal of the

-14-

Objection, in the instance of this case, does not negate DaimlerChrysler's intent to collect the claim but primarily demonstrates that DaimlerChrysler did not intend to pursue its objection to the valuation of the secured portion of its claim.

Id. at *6.

Similarly, in Washington v. Nissan Motor Acceptance Corp. (In re Washington), 158 B.R. 722 (Bankr. S.D. Ohio 1993), an objection to a chapter 13 plan that was later withdrawn was, nonetheless, treated as an informal proof of claim because, as the bankruptcy court explained: "It is incontrovertible that debtor was fully aware of the exact amount of Nissan's claim and Nissan's intent to hold debtor liable on the claim pursuant to the order containing Nissan's withdrawal of its confirmation objection and the accompanying upward adjustment of its allowed secured claim." 158 B.R. at 724. Although Silas and Washington are both chapter 13 cases, they stand for the logical proposition that once a filing adequate to constitute a proof of claim is made, the later withdrawal of that filing does not necessarily demonstrate a creditor's lack of intent to hold a debtor liable on the claim. As the decisions show, depending upon the facts and though a pleading constituting a valid informal proof of claim is withdrawn, the claimant may still intend to enforce the debtor's liability through some other means.

A third reason for departing from the bankruptcy court's reasoning is that it is out of step with the treatment of formal

///

///

///

///

-15-

proofs of claim in the Rules.  Under Rule 3006,[7] a formal proof of claim may only be withdrawn in two ways.  Under some circumstances, a creditor can, as of right, file a notice of withdrawal of the claim.  However, if after the creditor filed the claim, an objection or complaint is filed against the creditor, the creditor has accepted or rejected a plan, or the creditor otherwise has participated significantly in the case, the creditor may not withdraw the claim except on order of the court and notice and a hearing.  A leading treatise has described the nature of the affirmative action that should be required under this Rule to demonstrate the creditor's intent to no longer hold the debtor liable for the debt evidenced by a proof of claim:

> No form is specified for this notice, but, at a minimum, it should identify the creditor and the claim being withdrawn and should affirmatively state that the claim has not been objected to, that no adversary proceeding has been filed against the creditor and that the creditor has not voted on a plan or otherwise participated significantly in the case.

---

[7] **Withdrawal of Claim; Effect on Acceptance or Rejection of Plan**

A creditor may withdraw a claim as of right by filing a notice of withdrawal, except as provided in this rule. If after a creditor has filed a proof of claim an objection is filed thereto or a complaint is filed against that creditor in an adversary proceeding, or the creditor has accepted or rejected the plan <u>or otherwise has participated significantly in the case</u>, the creditor may not withdraw the claim except on order of the court after a hearing on notice to the trustee or debtor in possession, and any creditors' committee elected pursuant to § 705(a) or appointed pursuant to § 1102 of the Code. The order of the court shall contain such terms and conditions as the court deems proper. Unless the court orders otherwise, an authorized withdrawal of a claim shall constitute withdrawal of any related acceptance or rejection of a plan.

Rule 3006 (emphasis added).

-16-

9 COLLIER ON BANKRUPTCY ¶ 3006.01 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010); but see In re Overly-Hautz Co., 57 B.R. 932, 935 (Bankr. N.D. Ohio 1986), aff'd, 81 B.R. 434 (N.D. Ohio 1987) (simple letter to the court is sufficient for withdrawal).

Although the phrase "participated significantly in the case" is not defined in the Rules, courts have interpreted it to refer to "a creditor that enters a bankruptcy case and asks the court to act on its behalf in some substantive way." In re Owens, 455 B.R. 640, 646 (Bankr. W.D. Mich. 2011); Cruisephone Inc. v. Cruise Ships Catering and Servs, N.V. (In re Cruise Ships Catering and Servs, N.V.), 278 B.R. 325, 331 (Bankr. E.D.N.Y. 2002). In this case, the parties agree that FPM otherwise participated actively in the bankruptcy case making numerous substantive demands on the court, in addition to commencing the adversary proceeding against Yucca. FPM Op. Br. at 4 ("FPM has been a very active creditor in asserting its rights against the Debtor."); Yucca Reply Br. at 7 ("FPM has been a litigator throughout the Chapter 11 case of the Debtor."). Indeed, FPM actively and extensively sought to enforce its rights as a creditor during the bankruptcy case: (1) FPM filed an involuntary bankruptcy petition against Yucca, asserting it held a claim against Yucca of over $690,000; (2) when Yucca filed its chapter 11 petition in the San Fernando Valley division of the Central District, FPM unsuccessfully sought change of venue to Los Angeles, see bankr. dkt. no. 18; (3) as a creditor, FPM filed an opposition to, and sought a hearing on, Yucca's request to pay insider compensation, filed six supplemental pleadings and responses, and participated in the bankruptcy court hearing concerning that matter, see bankr. dkt. nos. 33, 36, 45, 54, 56,

-17-

58, 59, and 101; (4) filed a motion for appointment of a chapter 11 trustee, filed two supplemental pleadings, and participated in the hearing, see bankr. dkt. nos. 76, 85, and 86; and (5) opposed Yucca's second motion for extension of time to file a plan, bankr. dkt. no. 164.[8]

Given the extent of its activities in Yucca's bankruptcy case, had FPM filed a timely formal proof of claim, it would not have been allowed to simply "withdraw" that claim absent notice of a request to Yucca and other major parties in the bankruptcy case, a hearing, and permission of the bankruptcy court. In light of this heightened procedural requirement to withdraw a claim, that an otherwise adequate informal proof of claim could somehow be extinguished without any further formalities by dismissal of an adversary proceeding without prejudice would seem contrary to the approach and philosophy evidenced by the Rules.

In summary, in this Circuit, the courts apply a rule of liberality to allow late-filed formal proofs of claim, under proper circumstances, to relate back to the filing of so-called informal proofs of claim. We agree with the bankruptcy court's finding that FPM's removal of the state court complaint to the bankruptcy court satisfied the traditional requirements for an informal proof of claim. However, we respectfully disagree with the bankruptcy court's conclusion that the later dismissal of the adversary proceeding without prejudice constituted a withdrawal of FPM's claim. We therefore REVERSE the decision of the bankruptcy

_____

[8] We do not include in this list the numerous pleadings filed by FPM in the bankruptcy case based only on its status as a putative equity member of Yucca.

-18-

court that FPM's informal proof of claim, which was later amended by FPM's formal proof of claim, should be disallowed.

## II.

**The bankruptcy court did not abuse its discretion when it found that FPM's delay in filing a formal proof of claim was not the result of excusable neglect.**

The conclusion that FPM timely filed a valid informal proof of claim which was not later withdrawn is sufficient to dispose of this appeal. However, we feel it appropriate to comment on the alternative argument offered by FPM.

At one time, the Ninth Circuit followed a "strict standard" for application by trial courts faced with a claim of excusable neglect for failure to file timely pleadings. See, e.g., Pratt v. McCarthy, 850 F.2d 590, 593 (9th Cir. 1988) (strict standard required both a showing of extraordinary circumstances that prevented timely filing and injustice resulting from denying an extension of time). However, that standard changed markedly with the Supreme Court's decision in Pioneer Invest. Servs. Co. In subsequent opinions, the Ninth Circuit has applied the Pioneer factors in a broad range of circumstances to emphasize that in reviewing requests for extensions of time, trial courts should take into consideration all relevant factors, and not concentrate on any single circumstance in isolation. Pincay v. Andrews, 389 F. 3d at 853. In particular, Pioneer articulated a four-part balancing test for determining whether there had been excusable neglect within the meaning of Rule 9006(b), the Bankruptcy Rule patterned on Civil Rule 6(b), relating to enlargement of a time period to accommodate a party's failure to act due to "excusable neglect." Pincay expanded on the concepts developed in Pioneer,

-19-

applying the same tests in various contexts in which the phrase "excusable neglect" appears in the Civil Rules.

In the current appeal, the bankruptcy court correctly identified the Pioneer/Pincay four-tier analysis of excusable neglect:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Pioneer Invest. Servs. Co., 507 U.S. at 395; cf. Pincay, 389 F.3d at 855. In its tentative rulings and comments during the hearings, the court addressed these factors.

Regarding the potential danger of prejudice to the debtor, the bankruptcy court found that allowing FPM's late-filed formal proof of claim could result in inclusion of an additional $942,428.13, which may have a deleterious effect on the proposed liquidation payout. As to the length of the delay and its potential impact on judicial proceedings, the bankruptcy court did not consider the nine-day delay in filing the FPM claim to be a significant factor.

The bankruptcy court linked the third and fourth Pioneer factors — the reason for the delay and whether the movant acted in good faith. The court was unable to properly analyze these factors because FPM did not provide adequate information and evidence why a proof of claim was not timely filed. The court was especially concerned with the apparent failure of counsel to

-20-

advise FPM's president, Ruvelson, about the necessity for filing a timely proof of claim:

> Certainly his attorney Mr. Rothman was aware of the proof of claim requirement, yet Mr. Rothman's declaration is devoid of any explanation as to why a proof of claim was not timely filed. As no real evidence or argument has been presented as to why counsel failed to timely file a proof of claim, excusable neglect has not been shown.

The court was also particularly interested in evidence from an earlier attorney for FPM, Brian Harvey. The court continued the hearing on Yucca's objection to FPM's claim twice to provide FPM an opportunity to supply evidence from the attorneys supporting the alleged excusable neglect. Finally, despite assuring the bankruptcy court that he would welcome the opportunity for a third continuance and would provide the requested evidence, neither Mr. Rothman nor any attorney for FPM attended the last hearing on July 29, 2011.

"The burden of presenting facts demonstrating excusable neglect is on the movant." Key Bar Investments, Inc. v. Cahn (In re Cahn), 188 B.R. 627, 631 (9th Cir. BAP 1995); In re Pac. Gas & Elec. Co., 311 B.R. 84, 89 (Bankr. N.D. Cal. 2004). We agree with the bankruptcy court that no real evidence was presented by FPM as to why its counsel failed to timely file a proof of claim, and thus, under Pioneer/Pincay, FPM failed to meet its burden and the bankruptcy court did not abuse its discretion in not finding excusable neglect for the late filing of the formal proof of claim.

## CONCLUSION

We REVERSE the decision of the bankruptcy court that, under these facts, FPM did not hold a valid, timely informal proof of

-21-

claim which was amended by FPM's formal proof of claim.

We AFFIRM the bankruptcy court's finding that FPM's delay in filing a formal proof of claim did not result from excusable neglect.